# Illinois Official Reports

## Appellate Court

<div style="border">

### *People v. Thomas*, 2014 IL App (2d) 130660

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD J. THOMAS, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-13-0660 |
| Filed | May 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was initially charged with driving under the influence of alcohol based on impairment under section 11-501(a)(2) of the Illinois Vehicle Code and then with DUI based on a blood-alcohol concentration of 0.08 or more under section 11-501(a)(1) several months later and after the expiration of the 160-day speedy-trial period, the dismissal of the DUI charge based on a BAC of 0.08 or more pursuant to the violation of defendant's right to a speedy trial was upheld, since the charge under section 11-501(a)(1) was a new offense, the compulsory-joinder statute applied, the delays attributable to defendant on the charge under section 11-501(a)(2) did not apply to defendant on the charge under section 11-501(a)(1), and the charge under section 11-501(a)(1) was not timely brought to trial. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 12-DT-1663; the Hon. Richard D. Russo, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman and Thomas Minser, Assistant State's Attorneys, of counsel), for the People.

Donald J. Ramsell, of Ramsell & Associates, LLC, of Wheaton, for appellee.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    The trial court granted the motion of defendant, Richard J. Thomas, to dismiss, on speedy-trial grounds, count IV of the charges against him, which count had been filed three days before defendant's scheduled jury trial. The State now appeals from the trial court's denial of the State's motion to reconsider that dismissal. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was involved in a motor vehicle collision on the evening of May 15, 2012, and taken by ambulance to Hinsdale Hospital. Upon his release from the hospital that night, he was arrested and charged with two traffic offenses and one count of driving under the influence of alcohol (DUI) (impairment) pursuant to section 11-501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(2) (West 2010)).

¶ 4    Defendant filed a motion to quash his arrest and suppress evidence, on which a hearing was held on November 28, 2012. During the course of that hearing, Deputy Ian Northrup of the Du Page County sheriff's office testified that while defendant was still at the accident site Northrup had formed the opinion that defendant was under the influence of alcohol. At the hospital Northrup was told by an emergency room nurse that defendant's blood had been drawn for treatment purposes and that defendant had a "whole blood serum" blood-alcohol concentration (BAC) of 0.159. Northrup took this to mean "serum" and not "whole blood"; therefore, he calculated defendant's whole blood BAC to be 0.134. After defendant was released, Northrup requested that defendant submit to a blood draw, but defendant refused. Northrup then placed defendant under arrest.

¶ 5    The trial court denied the motion to quash and suppress the following day, November 29, 2012. On that same day, the trial court denied defendant's motion to quash a subpoena *duces tecum* regarding emergency and treatment records from Hinsdale Hospital and the Pleasantville fire department, and these records were tendered to the State. Defendant, who

was not incarcerated, filed a demand for a speedy trial pursuant to section 103-5(b) of the Code of Criminal Procedure of 1963 (speedy-trial act) (725 ILCS 5/103-5 (West 2010)), and the case was set for a bench trial on January 9, 2013.

¶ 6 After two continuances, the matter was set, now for a jury trial, on June 10, 2013. At a pretrial conference held on June 7, the State sought leave to file an information charging defendant with DUI (BAC of 0.08 or more) pursuant to section 11-501(a)(1) of the Vehicle Code (625 ILCS 5/11-501(a)(1) (West 2010)). After hearing argument, the trial court granted leave to file the information as count IV. Defendant immediately filed a motion to dismiss that count based on a violation of his right to a speedy trial. The trial court heard argument on the motion, but no new evidence was presented. The court then took the issue under advisement.

¶ 7 On June 10, the trial court granted defendant's motion to dismiss. The court ruled that the DUI counts (I and IV) arose from the same act and were subject to compulsory joinder pursuant to section 3-3 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/3-3 (West 2010)). Further, pursuant to *People v. Williams*, 204 Ill. 2d 191 (2003), although defendant's speedy-trial demand applied to the later-filed count IV, any time delays attributable to defendant on the initial charges were not attributable to defendant regarding count IV. Thus, as count IV was filed more than 160 days after defendant filed his demand for a speedy trial, count IV was not timely brought to trial. The State immediately filed a notice of appeal on that day, and a two-week status date was set for June 24.

¶ 8 On June 19, the State motioned up the case and filed motions to dismiss its appeal pursuant to Illinois Supreme Court Rule 309 (eff. Feb. 1, 1981) and to reconsider the dismissal of count IV. The trial court noted that Rule 309 allows the trial court to dismiss an appeal "[b]efore the record on appeal is filed in the reviewing court." Ill. S. Ct. R. 309 (eff. Feb. 1, 1981). However, the court file was empty and there was nothing to indicate to the trial court that the record had not been filed with the appellate court. Therefore, the court denied the motion to dismiss the appeal, as the trial court lacked jurisdiction.

¶ 9 The State filed a motion to reconsider the ruling denying the motion to dismiss the appeal. On June 24, 2013, the previously set status date, the trial court stated that it had inquired of the circuit clerk's office and had learned that the record had not yet been filed with the appellate court. Therefore, the trial court concluded that it still had jurisdiction and, upon reconsideration, granted the State's motion to dismiss the appeal. The trial court then heard argument on the State's motion to reconsider the order dismissing count IV. The court stated that it did not believe "that there's been any new evidence that's been submitted that was not available to the State at the time it originally argued" the motion to dismiss and that the State was "stuck *** with the facts that were agreed to and, basically, haven't changed much since the original hearing." The court then denied the motion "for the reasons stated previously of record, for the factual findings previously made and the issues of law previously determined." The case was set for trial on the remaining counts. The State filed a certificate of impairment and a notice of appeal on that same day.

¶ 10 II. ANALYSIS

¶ 11 We must first address several arguments that defendant raises regarding this court's jurisdiction. Defendant argues that this court lacks jurisdiction over this appeal because there is no provision authorizing a "second appeal" by the State from an interlocutory order.

According to defendant, Illinois Supreme Court Rule 606(b) (eff. Feb. 6, 2013) does not apply to the State and does not apply to an interlocutory appeal. However, our supreme court has applied Rule 606(b) to the State in an interlocutory appeal. See *People v. Bridgewater*, 235 Ill. 2d 85, 91-92 (2009); *People v. Marker*, 233 Ill. 2d 158 (2009). Defendant also argues that the State is improperly attempting to appeal only from the denial of its motion to reconsider and not from an order "the effect of which results in dismissing a charge." See Ill. S. Ct. R. 604(a)(1) (eff. Feb. 6, 2013). However, the State's notice of appeal lists the date of the judgment order as "6/10/2013 and 6/24/2013" and describes the nature of the order appealed from as an "Order denying the State's motion to reconsider dismissal of count IV." This clearly references the June 10 order dismissing count IV as a procedural step in the progression leading to the entry of the trial court's June 24 order, which is an order from which the appeal is taken. See *People ex rel. Alvarez v. Price*, 408 Ill. App. 3d 457, 465 (2011). We conclude that we have jurisdiction over this appeal.

¶ 12    Defendant also argues that the State's brief should be stricken for violations of Illinois Supreme Court Rules 341 (eff. Feb. 6, 2013) and 342 (eff. Jan. 1, 2005) in the contents of its brief and appendix. However, any shortcomings in the State's brief are not of such magnitude that they require striking it, and we will consider the merits of the State's appeal as raised in its brief.

¶ 13    The State contends that the trial court erroneously concluded that defendant's right to a speedy trial was violated and, thus, erred in granting defendant's motion to dismiss count IV.

¶ 14    Section 103-5(b) of the speedy-trial act provides, in relevant part:

> "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." 725 ILCS 5/103-5(b) (West 2010).

If a defendant is not brought to trial within the statutory speedy-trial period, he must be released from his trial obligations and have the charges dismissed. 725 ILCS 5/103-5(d) (West 2010); *People v. Hunter*, 2013 IL 114100, ¶ 10. Our supreme court has held that the provisions of section 103-5 are to be liberally construed in favor of the defendant and that the State cannot improperly manipulate criminal proceedings or purposefully evade the operation of the provisions of this section. See *People v. Van Schoyck*, 232 Ill. 2d 330, 335 (2009). Whether a defendant's rights under this section have been contravened is a "pure question of law," which is to be given *de novo* review. *Id.*

¶ 15    While the application of the speedy-trial act is straightforward when the defendant is charged with a single offense, it becomes complicated when the defendant is charged with multiple, but factually related, offenses at different times. *Williams*, 204 Ill. 2d at 198. In such a situation, the compulsory-joinder provision of the Criminal Code comes into play and requires:

> "(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.
>
> (b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." 720 ILCS 5/3-3 (West 2010).

Where the State files new and additional charges that arise from the same facts as the original charges, and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial must begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges; however, any continuances obtained in connection with the trial of the original charges cannot be attributed to the defendant with respect to the new and additional charges, because those charges were not before the court when the continuances were obtained. *People v. Phipps*, 238 Ill. 2d 54, 66 (2010). This rule applies only where the original and the new charges are subject to compulsory joinder. *Id.*

¶ 16    The State first argues that the subsequent DUI charge was not subject to compulsory joinder because the initial DUI charge was filed by the police "by way of uniform traffic citation and complaint"; according to the State, our supreme court has held that compulsory joinder does not apply to offenses that have been charged by uniform traffic citation and complaint. See *People v. Jackson*, 118 Ill. 2d 179 (1987), *overruled on other grounds by People v. Stefan*, 146 Ill. 2d 324 (1992); see also *People v. Kazenko*, 2012 IL App (3d) 110529 (applying the *Jackson* analysis).

¶ 17    We first note that, as defendant points out, he was not charged with DUI by a uniform traffic citation and complaint. While defendant was charged with two traffic violations on forms entitled "Illinois Citation and Complaint," the DUI charge was brought via a verified complaint. In its reply brief, the State concedes this fact but insists that its "use of the term was merely to distinguish this complaint from a complaint emanating from the State's Attorney's Office." However, a uniform traffic citation and complaint and a verified complaint are not the same thing. See 725 ILCS 5/111-3(b) (West 2010) ("when a citation is issued on a Uniform Traffic Ticket *** (in a form prescribed by the Conference of Chief Circuit Judges and filed with the Supreme Court), the copy of such Uniform Ticket which is filed with the circuit court constitutes a complaint to which the defendant may plead, *unless he specifically requests that a verified complaint be filed*" (emphasis added)). Words have meanings, and we are not free to interchange at our convenience words that have specific and different meanings.

¶ 18    In *Jackson*, the defendant was involved in a one-vehicle accident in which his passenger was killed. The defendant was charged via uniform traffic complaint citations with DUI and illegal transportation of alcohol (Ill. Rev. Stat. 1981, ch. 95½, ¶ 11-502) (a petty offense; see Ill. Rev. Stat. 1981, ch. 95½, ¶ 16-104) and pleaded guilty to both charges three days later. The trial court accepted the pleas and set a date for sentencing. However, before the defendant was sentenced, the State moved to nol-pros both charges and indicted him on two felony counts of reckless homicide. The trial court eventually dismissed one count of reckless homicide on double jeopardy grounds and also ruled that on the other count the State could not use evidence of DUI or illegal transportation of alcohol. *Jackson*, 118 Ill. 2d at 183.

¶ 19    After finding that the defendant had been placed in jeopardy as to the DUI and illegal-transportation-of-alcohol charges and that DUI is not a lesser included offense of reckless homicide for double jeopardy purposes, the supreme court addressed the "underlying assumption in the argument that a charge in a traffic ticket is the type of offense referred to in

our compulsory joinder statute (section 3-3), which compulsory joinder is then referable to section 3-4, which bars further prosecution in certain instances of offenses that should have been joined." *Id*. at 192. The court held "that the compulsory-joinder provisions of section 3-3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses." *Id*. The court noted that all felony prosecutions must be by information or indictment; a defendant cannot be charged with a felony by a uniform citation form, which constitutes a complaint to which a defendant may plead. *Id*. Further noting that "the statute contemplates active involvement by a proper prosecuting officer," the court concluded that it did "not believe that the legislature intended that a driver could plead guilty to a traffic offense on a traffic ticket issued by a police officer and thereby avoid prosecution of a serious offense brought by the State's Attorney, such as reckless homicide, through the use of sections 3-3 and 3-4 of the Criminal Code." *Id*. at 193.

¶ 20    *Kazenko* involved an initial charge, via traffic ticket, of misdemeanor DUI (combined influence of alcohol and drugs) (625 ILCS 5/11-502(a)(5) (West 2010)) and a subsequent misdemeanor DUI charge (influence of alcohol) (625 ILCS 5/11-501(a)(2) (West 2010)). The *Kazenko* majority applied *Jackson*, finding that "[t]he supreme court's statement on [compulsory joinder with a charge brought by way of a uniform traffic citation] in *Jackson* could not be any more clear [citation], and we see no reason why that rule would not apply in the present case." *Kazenko*, 2012 IL App (3d) 110529, ¶ 16. However, in his special concurrence, Presiding Justice Schmidt distinguished *Jackson*:

> "The facts of this case are distinguishable. Here, the new charge was not a felony, which could not have been charged along with the original charge. The new charge here was another charge of DUI, which the charging officer was aware of at the time the original charge was made and able to charge. While a felony is not subject to compulsory joinder with a charge made by uniform citation, a charge of DUI(a)(2) may well be subject to compulsory joinder with a charge of DUI(a)(5), which was charged by uniform citation. It would seem that the same logic which supports the supreme court's decision in *Jackson* would not apply here in the case of two almost identical misdemeanors. Here, we do not have the State lying in the bushes with a more serious charge." *Id.* ¶ 22 (Schmidt, P.J., specially concurring).

¶ 21    We agree with Presiding Justice Schmidt's analysis and conclude that *Jackson* is distinguishable from the case before us. *Jackson* involved the possibility of a defendant being able to avoid prosecution for the felony of reckless homicide, because he had already pleaded guilty three days after his arrest to charges brought via traffic tickets. This case does not involve charges brought via traffic tickets (as even *Kazenko* did), a defendant pleading to traffic offenses, or the subsequent filing of felony charges based on the same incident. Here, defendant was charged with a misdemeanor via a verified complaint, and the State attempted to add another misdemeanor charge, based on the same incident, on the eve of trial. The danger that the supreme court sought to avoid in its ruling in *Jackson* simply is not present in this case.

¶ 22    The *Kazenko* majority mechanically applied *Jackson* without examining the reality of how criminal cases are charged. *Kazenko*, citing to *Jackson*, averred that the compulsory-joinder rule does not apply to charges brought via a uniform citation and complaint form, "because the language of the compulsory-joinder statute requires joinder only if the several offenses are known to the proper prosecuting officer, *i.e.*, the State's

Attorney, when the prosecution began." *Id.* ¶ 14. *Jackson* involved the subsequent filing of felony charges; the State's Attorney had to file the additional charges because felony charges could not be brought by a police officer. Here, again, we are faced with a misdemeanor charge brought by a sheriff's deputy and the State's attempt to file another misdemeanor count that *could have been charged by the deputy at the same time that he filed the original charge*. The vast majority of traffic *and criminal misdemeanor* cases are charged by police officers, not by assistant State's Attorneys. Reading *Jackson* to say that compulsory joinder can *never* apply where the original charge is brought by a police officer would mean that compulsory joinder would almost never apply to misdemeanor charges. Such an outcome is absurd and ill-advised.

¶ 23 The State also argues that the information necessary to charge defendant with DUI (BAC of 0.08 or more) was not available to the State at the time of the original charge. According to the State, the basis of this added DUI charge was a blood analysis conducted by Hinsdale Hospital, the results of which the State did not receive until approximately six months after defendant had been charged with the original offenses. Thus, compulsory joinder could not apply, as the new charge was not known to the prosecutor when the prosecution began.

¶ 24 However, this court has held that knowledge "of the possibility of" additional charges when a defendant is initially charged can be sufficient to require compulsory joinder. *People v. Dismuke*, 2013 IL App (2d) 120925, ¶ 22. In *Dismuke*, federal and local authorities executed a search warrant at the defendant's residence, aimed at recovering a firearm, ammunition, and proof of his residency; the authorities found all of those items plus cannabis, and defendant and 10 other people present were arrested on November 19, 2009. *Id.* ¶ 3. The following day, the defendant was charged with misdemeanor possession of cannabis. He eventually filed a speedy trial demand on that charge in March 2010. *Id.* ¶ 4. On November 25, 2009, an evidence technician removed two latent fingerprints from a handgun recovered in the raid; however, the prints were not analyzed and found to be the defendant's until September 2010, and felony charges relating to the defendant's possession of the gun were brought in October 2010. *Id.* ¶ 5. It was undisputed that the gun-related charges were brought after the defendant's 160-day speedy-trial period had expired. *Id.* ¶ 10. This court rejected the State's argument that compulsory joinder did not apply, noting that, "[a]t a minimum, the State knew of the possibility of the gun-related charges when it charged defendant with cannabis possession." *Id.* ¶ 22. While acknowledging that 10 other persons were in the defendant's house when the handgun was seized and that "the State elected to wait to bring charges until it had the fingerprint evidence," this court noted that the State had the handgun, the defendant's fingerprints, and the latent prints from the gun within six days of the execution of the warrant but did not even submit them for analysis for more than nine months. *Id.* ¶ 23. In any event, "the solution to the dilemma" of identifying the defendant as the possessor of the handgun "was not to ignore the speedy trial statute." *Id.*

¶ 25 The State here fails to address the trial court's finding that "the relevant facts, including the result of the hospital blood draw, were certainly known by the prosecution well before the date the [subsection (a)(1)] charge was filed and as alleged in the arguments at the time the initial charges were filed." Indeed, Northrup's May 15, 2012, law enforcement sworn report, contained in the court file, lists defendant's ".159 BAC" as among the "reasonable grounds to believe" that defendant was driving under the influence. At the November 28, 2012, hearing on the motion to quash and suppress, Northrup testified that he learned of defendant's

blood-serum BAC from an emergency room nurse on the night of defendant's arrest and then calculated defendant's "actual level of blood alcohol" to be 0.134. He waited until he knew this to place defendant under arrest. This information was contained in Northrup's accident report and in his sworn report. The State knew that defendant had a BAC of 0.08 or more in May 2012, and this was confirmed by the hospital records in November 2012. While this case does not involve a lack of due diligence in submitting evidence for analysis, as *Dismuke* did, we still are faced with the filing of a charge almost 13 months after Northrup learned of defendant's BAC and more than 6 months after the State received confirmation of the BAC. Again, "the solution to the dilemma was not to ignore the speedy trial statute." *Id.*

¶ 26     The State also contends that compulsory joinder does not apply because the subsequent DUI charge was "just another way to charge the same conduct alleged in the initial DUI charge." The State cites to *Van Schoyck*, 232 Ill. 2d 330, for support; however, the State's interpretation of *Van Schoyck* is faulty. The defendant in *Van Schoyck* was charged with two misdemeanor DUI counts, along with driving on a revoked license. The State subsequently dismissed the misdemeanor DUI charges and charged the defendant by information with driving with a BAC of 0.08 or more, including in the charge the sentence-enhancing factor that the defendant was driving on a revoked license, which elevated the DUI to a felony. *Id.* at 334.

¶ 27     The State seizes upon the court's statement, "Under the plain language of the statute, there is only one offense of driving under the influence" (*id.* at 337), to support its claim that, in this case, the subsection (a)(1) charge was not a new and additional charge. However, the State takes this language out of context. According to *Van Schoyck*, subsection (a) (625 ILCS 5/11-501(a) (West 2012)) sets forth the elements of the offense of DUI and classifies the offense as a Class A misdemeanor; the enhancing factors contained in subsection (c) (625 ILCS 5/11-501(c) (West 2012)) "do not create a new offense, but rather serve only to enhance the punishment." *Van Schoyck*, 232 Ill. 2d at 337. The court noted that the felony information "did not charge anything new"; it "merely elevated the misdemeanor DUI, initially charged by way of a traffic citation, to a felony." *Id.* at 339. The court further determined:

> "Although the information amounted to a new way of charging the DUI offense, it did not allege a different offense than did the previously dismissed ticket. Since the offenses alleged in both the ticket and the information were the same, compulsory joinder principles, the subject of cases like *People v. Jackson*, [citation], do not apply to this case." *Id.*

¶ 28     Here, defendant was not subsequently charged with a felony-upgraded version of the original DUI charge, impairment pursuant to subsection (a)(2). He was subsequently charged with DUI with a BAC of 0.08 or more, under subsection (a)(1). The analysis of whether a charge is new and additional involves a comparison of the original and the subsequent charges. *Phipps*, 238 Ill. 2d at 67. The focus is on whether the original charging instrument gives the defendant sufficient notice of the subsequent charge to prepare adequately for trial on that charge. *Id.*

¶ 29     An analysis of the charging documents clearly reveals that DUI charges brought pursuant to subsections (a)(1) and (a)(2) are not the same. The State need not prove impairment to prove a violation of subsection (a)(1); when the State proves that the defendant operated a vehicle and that his BAC was over the statutory limit, the violation has been proved. *People*

*v. Caruso*, 201 Ill. App. 3d 930, 937 (1990). The State need not prove that the defendant drove with a BAC over the statutory limit in order to prove that the defendant drove under the influence of alcohol under subsection (a)(2). *Id*. Verdicts of guilty under subsection (a)(1) and not guilty under subsection (a)(2) are not legally inconsistent. *Id*. A DUI charge brought under subsection (a)(1) requires proof of an element (BAC) that is not required for a finding of guilt under subsection (a)(2), and proof of guilt under subsection (a)(1) does not require a finding of guilt under subsection (a)(2). Thus, the subsection (a)(1) charge did charge something new; the original charging instrument did not give defendant sufficient notice of the subsequent charge to prepare adequately for trial on that charge.

¶ 30 We conclude that compulsory joinder applied to the charges in this case. Therefore, as any delays attributable to defendant on the initial charges were not attributable to defendant regarding count IV, and count IV was filed more than 160 days after defendant filed his demand for a speedy trial, count IV was not timely brought to trial. The trial court did not err in dismissing count IV.

¶ 31                                    III. CONCLUSION

¶ 32 For these reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 33 Affirmed.