2019 IL App (2d) 170114-U
No. 2-17-0114
Order filed December 16, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CF-607 |
| ELMER HARRIS, | ) ) | Honorable David P. Kliment, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defense counsel was ineffective for failing to timely move to dismiss defendant's burglary charge, which was subject to compulsory joinder with defendant's initial theft charges and was not charged until after the speedy-trial term had expired.

¶ 2    Defendant, Elmer Harris, appeals from his convictions of theft (720 ILCS 5/16-1(a)(1)(A) (West 2014)) and burglary (*id*. § 19-1(a)).  He contends that his counsel was ineffective for failing to timely move to dismiss the burglary charge, which was subject to compulsory joinder with the theft charges and was not charged until after the speedy-trial term had expired.  In our initial order, we held that defendant had forfeited his contention.  Now, however, we grant defendant's petition

for rehearing and we agree that counsel was ineffective. Accordingly, we reverse the burglary conviction.

¶ 3                                    I. BACKGROUND

¶ 4      On April 13, 2015, defendant was arrested in connection with the removal of electric wire from a construction site. The next day, he was charged by a verified complaint with two counts of felony theft. The complaint was signed by a police officer. However, the complaint stated that it was brought by the state's attorney, and a "new case information sheet" listed an "authorizing ASA [(assistant state's attorney)]." That same day, defendant was released on his own recognizance. On April 22, 2015, at defendant's first court appearance, an ASA appeared and obtained a discovery date. The next day, defendant filed a speedy-trial demand.

¶ 5      By agreement, a preliminary hearing was set for January 21, 2016. However, on January 20, 2016, the State charged defendant by indictment with the initial theft charges and added the burglary charge. On August 29, 2016, a bench trial was held.

¶ 6      Evidence at trial showed that, on April 9, 2015, defendant entered a construction site and removed boxes of electrical wire. The vice president of the company overseeing the construction testified that the building was not open to the public and that defendant would not have been authorized to be in the building unless he was an employee of a subcontractor. An electrician at the site saw defendant with a couple of boxes and then discovered that some of his own boxes were missing. The electrician confronted defendant, who denied taking anything. Defendant showed him that there were no boxes in his truck. The boxes were later found hidden between a storage container and a dumpster outside of the building.

¶ 7      Defendant testified that he had been regularly going to the construction site for four to six months to collect scrap and that he had the permission of the head electrician to enter the building.

However, he could not recall the person's name, and he could not locate the person on April 9, 2015. Defendant admitted that he took the boxes of wire, but he said that he changed his mind because taking them was not right, so he set them down between the storage container and the dumpster. He lied to the electrician because he was nervous. Defendant did not plan to come back and get the boxes later. Defendant was arrested and he told the police a version of the facts essentially the same as his testimony at trial.

¶ 8     The trial court found defendant guilty of both burglary and one count of theft. At sentencing, defense counsel moved to dismiss the burglary charge based on a denial of defendant's statutory right to a speedy trial. The court denied the motion because defendant forfeited the issue by failing to file the motion before trial. Defendant was sentenced to two concurrent terms of probation. He appeals.

¶ 9                                     II. ANALYSIS

¶ 10    Defendant contends that his counsel was ineffective for failing to timely move to dismiss the burglary charge. He argues that the theft and burglary charges were subject to compulsory joinder and that the burglary charge was filed after the speedy-trial period had run.

¶ 11    A speedy-trial claim can be reviewed for ineffective assistance of counsel despite the defendant's forfeiture of the claim in the trial court. See *People v. Wigman*, 2012 IL App (2d) 100736, ¶ 31.

> "In order to establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance resulted in prejudice. The failure of counsel to move for discharge on the basis of a speedy trial violation will constitute ineffective assistance of counsel 'when there is at least a reasonable probability that the client would have been discharged had a timely motion been

filed and there was no justification for the attorney's decision not to file a motion.' " *Id.* (quoting *People v. Peco*, 345 Ill. App. 3d 724, 729 (2004)).

¶ 12    Section 103-5(b) of the Code of Criminal Procedure of 1963 provides that a defendant released on bail or recognizance shall be tried within 160 days from the date the defendant demands trial unless delay is occasioned by the defendant. 725 ILCS 5/103-5(b) (West 2014). "If a defendant is not brought to trial within the statutory speedy-trial period, he must be released from his trial obligations and have the charges dismissed." *People v. Thomas*, 2014 IL App (2d) 130660, ¶ 14. We review the matter *de novo*. *Id.*

¶ 13    When the State files new and additional charges that arise from the same facts as the original charges and the State had knowledge of those facts at the commencement of the prosecution, the time that trial must begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges. *Id.* ¶ 15. "[H]owever, any continuances obtained in connection with the trial of the original charges cannot be attributed to the defendant with respect to the new and additional charges, because those charges were not before the court when the continuances were obtained." *Id.* "This rule applies only where the original and the new charges are subject to compulsory joinder." *Id.*

¶ 14    The compulsory-joinder statute provides that "[w]hen the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense." 720 ILCS 5/3-3(a) (West 2014). "If the several offenses are known to the proper prosecuting officer *at the time of commencing the prosecution* and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." (Emphasis added.) *Id.* § 3-3(b). "When 2 or more offenses

are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." *Id.* § 3-3(c).

¶ 15    "[T]he compulsory joinder statute 'was enacted to prevent the prosecution of multiple offenses in a piecemeal fashion and to forestall, in effect, abuse of the prosecutorial process.' " *People v. Hunter*, 2013 IL 114100, ¶ 18 (quoting *People v. Quigley*, 183 Ill. 2d 1, 7 (1998)).  The phrase " 'based on the same act' " is not given a hypertechnical interpretation to create multiple acts based on discrete moments in time, and joinder is required when the defendant engaged in one continuous and uninterrupted act.  *Id.*

¶ 16    Here, the State does not dispute that the theft charges and the burglary charge were based on the same act.  The State argues, however, that defendant's initial charges—felony charges filed by a verified complaint signed by a police officer—did not "commenc[e] the prosecution" and thus were not subject to compulsory joinder.  720 ILCS 5/3-3(b) (West 2014).

¶ 17    The compulsory-joinder statute provides that the offenses must be known at the time of "commencing the prosecution."  *Id.*  "Prosecution" is defined as "all legal proceedings by which a person's liability for an offense is determined, *commencing with the return of the indictment or the issuance of the information*."  (Emphasis added.)  *Id.* § 2-16.  To be sure, we have interpreted the statute to include "a criminal proceeding on a *misdemeanor* complaint."  (Emphasis added.) *People v. Mann*, 341 Ill. App. 3d 832, 838 (2003).  The complaint here, however, charged defendant with felonies, and "[a]ll prosecutions of felonies shall be by information or indictment." 725 ILCS 5/111-2(a) (West 2014).  Accordingly, the State asserts that this prosecution commenced not on April 14, 2015, when the complaint was filed, but on January 20, 2016, when the indictment was filed.  We disagree.

¶ 18    In his reply brief, defendant asserts, *inter alia*, that "the complaint sufficed as an information that commenced the prosecution." [1]  To support this assertion, he relies on *People v. Sandoval-Carrillo*, 2016 IL App (2d) 140332, in which we held that, when an ASA amended, initialed, and presented a police officer's complaint, "she filed an 'information' and thus properly commenced the prosecution."  *Id.* ¶ 36.  Here, upon rehearing, we find that case sufficiently instructive.  In this case, although the complaint was signed by a police officer, it stated that it was brought by the state's attorney, and the accompanying "new case information sheet" stated that the complaint was authorized by an ASA.  A week later, at defendant's first court date, an ASA appeared and obtained a discovery date, effectively adopting the complaint.  Clearly, under these circumstances, we would place form well above substance if we were to hold that the complaint did not "commenc[e] the prosecution."  720 ILCS 5/3-3(b) (West 2014).

¶ 19    The State next argues that the speedy-trial term did not expire, because defendant agreed to continuances.  But, as previously noted, any continuances obtained in connection with the trial of the original charges cannot be attributed to defendant with respect to the new and additional charge.  See *Thomas*, 2014 IL App (2d) 130660, ¶ 15.  With those continuances excluded, the burglary charge was not brought until more than 160 days after the commencement of the prosecution.

---

[1] In our initial order, we held that defendant had forfeited his argument by raising it only in his reply brief.  Upon rehearing, in the interest of justice, we address it.  To whatever extent a forfeiture occurred here, we are free to disregard it.  See *People v. Tomczak*, 395 Ill. App. 3d 877, 879 (2009).

¶ 20    Thus, the burglary charge violated defendant's statutory speedy-trial right. Accordingly, counsel was ineffective for failing to timely file a motion to dismiss, which would have resulted in dismissal of that charge.

¶ 21                              III. CONCLUSION

¶ 22    For these reasons, defendant's burglary conviction is reversed.

¶ 23    Reversed in part.