# Illinois Official Reports

## Appellate Court

<div style="border: 2px solid black;">

## *People v. Rogers*, 2020 IL App (3d) 180088

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT J. ROGERS, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-18-0088 |
| Filed | May 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-DT-1703; the Hon. Chrystel L. Gavlin, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Lytton and Justice Holdridge concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Robert J. Rogers, appeals from his conviction for driving while under the influence (DUI). Defendant argues (1) counsel provided ineffective assistance by failing to protect defendant's right to a speedy trial and (2) section 11-501(a)(6) of the Illinois Vehicle Code (hereinafter DUI(a)(6)) (625 ILCS 5/11-501(a)(6) (West 2014)) violated his right to due process. We reverse.

¶ 2                                    I. BACKGROUND

¶ 3    On November 25, 2015, a Joliet police officer investigated an automobile accident. The officer found defendant in physical control of a motor vehicle and suspected that defendant was "drunk or drugged." The officer charged defendant, by citation and complaint, with driving under the influence of drugs or combination of drugs under section 11-501(a)(4) of the Vehicle Code (hereinafter DUI(a)(4)) (*id.* § 11-501(a)(4)). Defendant was transported from the scene to an area hospital for treatment. During the treatment, defendant received a blood test. On December 1, 2015, the officer filed the citation and complaint.

¶ 4    On December 14, 2015, private counsel filed a demand for a speedy trial on defendant's behalf.

¶ 5    On April 6, 2016, the State filed a superseding information that charged defendant with two counts of DUI under DUI(a)(4) and DUI(a)(6) of the Vehicle Code (*id.* § 11-501(a)(4), (a)(6)). Both offenses were Class A misdemeanors. *Id.* § 11-501(c)(1). The case was continued, by agreement of the parties, to May 20, 2016.

¶ 6    On May 20, 2016, the State moved to continue the case. Defense counsel objected and announced that the defense was ready for trial. After the court granted the continuance, defense counsel agreed to toll speedy trial.

¶ 7    On June 27, 2016, the State filed a second motion to continue the case because a laboratory technician was unavailable to testify at trial. Defense counsel objected to the motion. The court granted the motion over counsel's objection. Defense counsel again agreed to toll speedy trial.

¶ 8    On September 20, 2016, the State requested a third continuance because a change to section 11-501 of the Vehicle Code required additional testing on defendant's blood sample. See Pub. Act 99-697 (eff. July 29, 2016) (amending 625 ILCS 5/11-501). Defense counsel objected and announced that the defense was ready for trial. The court granted the State's motion over the defense objection and set the case for a bench trial on December 5, 2016. The court noted that the period counted against the State for purposes of speedy trial.

¶ 9    On October 28, 2016, the State filed a superseding three-count information. Count I charged defendant with DUI(a)(6). Count II charged defendant with DUI(a)(4). Count III charged defendant with a third Class A misdemeanor, driving while under the influence of cannabis (625 ILCS 5/11-501(a)(7) (West 2016)). The case remained set for a bench trial on December 5, 2016.

¶ 10    On December 1, 2016, the parties made an agreed motion to strike the December 5 trial date and toll the speedy trial clock until December 20, 2016.

¶ 11    After numerous additional continuances, the case proceeded to a stipulated bench trial on January 17, 2018. Before the trial began, the State dismissed counts II and III of the superseding information. The parties also stipulated that the arresting officer located defendant

in actual physical control of a motor vehicle. Thereafter, defendant submitted to blood and urine testing. The parties stipulated to the introduction of two laboratory testing reports. The first report was dated March 3, 2016, and was from the Illinois State Police forensic science laboratory. It stated defendant's urine tested positive for the presence of an unspecified amount of tetrahydrocannabinol (THC) metabolite. The second report was dated October 31, 2016, and was from a private laboratory. It stated that defendant had 4.2 nanograms of THC per milliliter of blood and 17.4 nanograms of THC per milliliter of urine. The court found defendant guilty of DUI(a)(6) and sentenced defendant to 12 months' court supervision. Defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13                    A. Right to the Effective Assistance of Counsel

¶ 14        Defendant argues trial counsel provided ineffective assistance when counsel failed to protect his statutory right to a speedy trial. After reviewing the record, we find that counsel erred in not moving to dismiss the case when the compulsory joinder of the new charges on April 6, 2016, plus the State's continuances, exceeded the 160-day speedy trial deadline.

¶ 15                                  1. Right to Counsel

¶ 16        At the outset, we note that defendant did not have a federal constitutional right to the effective assistance of counsel because he was not sentenced to a term of imprisonment. *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979). However, subsection 113-3(b) of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) provided defendant with the statutory right to counsel because the potential penalties were more than a fine only. See 725 ILCS 5/113-3(b) (West 2014); see also 625 ILCS 5/11-501(c)(1) (West 2014) (a violation of section 11-501(a) of the Vehicle Code is a Class A misdemeanor); 730 ILCS 5/5-4.5-55 (West 2014) (potential sentence for a Class A misdemeanor includes a term of imprisonment of less than one year). This statutory right necessarily included the right to the " '*effective* assistance of competent counsel.' " (Emphasis in original.) *People v. Mooney*, 2019 IL App (3d) 150607, ¶ 14 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

¶ 17                         2. Ineffective Assistance of Counsel

¶ 18        To prevail on a claim of ineffective assistance of counsel, "[a] defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Manning*, 241 Ill. 2d 319, 326 (2011). In short, an ineffective assistance of counsel claim consists of two factors: (1) deficient performance and (2) prejudice.

¶ 19        Defendant argues trial counsel provided ineffective assistance by not asserting a violation of his statutory right to a speedy trial. According to defendant, this speedy trial violation occurred after the State filed the first superseding information on April 6, 2016, which was subject to compulsory joinder, and the State continued the case on September 20 to December 5, 2016, over defendant's objection. Defendant's argument turns on the confluence of his statutory right to a speedy trial and the compulsory joinder rule. Therefore, we begin by reviewing the applicability of the compulsory joinder rule.

¶ 20                                              a. Compulsory Joinder

¶ 21        "The compulsory joinder statute requires the State to prosecute all known offenses within the jurisdiction of a single court in a single criminal case 'if they are based on the same act.' " *People v. Hunter*, 2013 IL 114100, ¶ 10 (quoting 720 ILCS 5/3-3(b) (West 2008)). The compulsory joinder statute states:

> "(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.
>
> (b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution *** if they are based on the same act." 720 ILCS 5/3-3 (West 2014).

¶ 22        Presently, there is a split of authority on whether the compulsory joinder statute applies when the initial charge is filed by a police officer. See *People v. Thomas*, 2014 IL App (2d) 130660; *People v. Kazenko*, 2012 IL App (3d) 110529. This split derives from our supreme court's decision in *People v. Jackson*, 118 Ill. 2d 179 (1987), *overruled in part on other grounds by People v. Stefan*, 146 Ill. 2d 324 (1992). While *Jackson* did not review the combination of a compulsory joinder and speedy trial violation, it considered whether compulsory joinder barred the prosecution from bringing later charges that derived from the conduct that led to defendant's prior guilty pleas. *Id.* at 192-94. Therefore, its analysis is generally instructive of the application of the compulsory joinder rule.

¶ 23        In *Jackson*, the State charged defendant, by uniform traffic complaint and citation, with DUI and illegal transportation of alcohol. Defendant pled guilty to both charges. The court accepted defendant's pleas and continued the case for sentencing. Before sentencing, the State moved to *nolle prosequi* both charges and indicted defendant on two felony counts of reckless homicide. The court granted defendant's motion to dismiss one count on double jeopardy grounds and ruled that the evidence of DUI and illegal transportation of alcohol could not be used on the remaining count. *Id.* at 183. On appeal to the supreme court, defendant argued the compulsory joinder statute barred the reckless homicide charges. The supreme court held "the compulsory-joinder provisions *** do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses." *Id.* at 192. It explained that while the uniform citation and complaint forms are intended to be used by a police officer "in making a charge for traffic offenses and certain misdemeanors and petty offenses," these citations could not be used to charge a felony. *Id.* It did "not believe that the legislature intended that a driver could plead guilty to a traffic offense on a traffic ticket issued by a police officer and thereby avoid prosecution of a serious offense brought by the State's Attorney, such as reckless homicide, through the [compulsory joinder statute]." *Id.* at 193.

¶ 24        In *Kazenko*, this court reviewed the *Jackson* interpretation of the compulsory joinder rule and its impact on defendant's claim of a statutory speedy trial violation. The *Kazenko* defendant was initially charged by traffic citation with misdemeanor DUI (625 ILCS 5/11-501(a)(5) (West 2010)). Subsequently, the State filed an information that charged defendant with a second misdemeanor DUI charge (*id.* § 11-501(a)(2)). The majority opinion found that the *Jackson* rule "could not be any more clear," a DUI charged by uniform traffic citation and complaint is not subject to compulsory joinder to a DUI charge that is subsequently filed by the state's attorney. *Kazenko*, 2012 IL App (3d) 110529, ¶ 16. However, in his special concurrence, Presiding Justice Schmidt distinguished *Jackson*, stating:

"Here, the new charge was not a felony, which could not have been charged along with the original charge. The new charge here was another charge of DUI, which the charging officer was aware of at the time the original charge was made and able to charge. While a felony is not subject to compulsory joinder with a charge made by uniform citation, a charge of DUI(a)(2) may well be subject to compulsory joinder with a charge of DUI(a)(5), which was charged by uniform citation. It would seem that the same logic which supports the supreme court's decision in *Jackson* would not apply here in the case of two almost identical misdemeanors. Here, we do not have the State lying in the bushes with a more serious charge." *Id.* ¶ 22 (Schmidt, P.J., specially concurring).

¶ 25    In *Thomas*, the Second District disagreed with the majority opinion in *Kazenko*. *Thomas* reviewed the application of the compulsory joinder statute to a defendant who was initially charged with two traffic offenses and one charge of DUI (625 ILCS 5/11-501(a)(2) (West 2010)). *Thomas*, 2014 IL App (2d) 130660, ¶ 3. Thereafter, the State charged defendant, by information, with DUI under section 11-501(a)(1) of the Vehicle Code (625 ILCS 5/11-501(a)(1) (West 2010)). *Thomas*, 2014 IL App (2d) 130660, ¶ 6. The circuit court dismissed the second DUI charge, finding that it was subject to compulsory joinder and the associated delay in bringing the charge violated defendant's statutory right to a speedy trial. *Id.* ¶ 7. On appeal, the Second District agreed with Presiding Justice Schmidt's special concurrence analysis from *Kazenko* that *Jackson* was primarily concerned with the possibility of a defendant avoiding prosecution of a later felony charge by pleading guilty to the earlier-filed lesser offense. *Id.* ¶ 21. The Second District then rejected a mechanical application of *Jackson*, noting,

"The vast majority of traffic *and criminal misdemeanor* cases are charged by police officers, not by assistant State's Attorneys. Reading *Jackson* to say that compulsory joinder can *never* apply where the original charge is brought by a police officer would mean that compulsory joinder would almost never apply to misdemeanor charges. Such an outcome is absurd and ill-advised." (Emphases in original.) *Id.* ¶ 22.

It ultimately concluded that compulsory joinder applied to the second DUI charge because the results of the hospital blood draw that led to the second charge were known by the prosecution well before the additional charges were filed. *Id.* ¶¶ 25, 30.

¶ 26    After reviewing the split of authority, we are persuaded by *Thomas* that compulsory joinder can apply to misdemeanor charges that are initially filed by a police officer. First, we find that the instant case is distinct from *Jackson*. The focus of *Jackson* was to prevent defendants from avoiding a greater charge by pleading guilty to an initially charged misdemeanor. *Jackson*, 118 Ill. 2d at 193. This situation is not present in the instant case as both DUI charges were Class A misdemeanors. See 625 ILCS 5/11-501(c)(1) (West 2014). Second, a strict reading of *Jackson* would mean that the compulsory joinder statute would not apply to the vast majority of misdemeanors which are properly filed by police officers. See *Thomas*, 2014 IL App (2d) 130660, ¶ 22. Accordingly, we must consider whether the facts satisfy the compulsory joinder requirements of section 3-3 of the Criminal Code of 2012 (720 ILCS 5/3-3 (West 2014)).

¶ 27    The instant defendant was initially charged with DUI(a)(4) by a uniform citation and complaint filed by a police officer in December 2015. This citation and complaint derived from the officer's investigation and interaction with defendant at the scene of an automobile accident. The state's attorney filed the subsequent DUI(a)(6) charge more than four months

later. However, the record establishes that in December 2015, the police officer could have filed both DUI charges. Both offenses required proof of two common elements: (1) defendant was in physical control of a vehicle and (2) he had consumed drugs. See 625 ILCS 5/11-501(a)(4) (West 2014) ("[a] person shall not drive or be in actual physical control of any vehicle within this State while: *** *under the influence of any other drug* or combination of drugs to a degree that renders the person incapable of safely driving" (emphasis added)); *id.* § 11-501(a)(6) ("[a] person shall not drive or be in actual physical control of any vehicle within this State while: *** *there is any amount of a drug, substance, or compound in the person's breath, blood, or urine resulting from the unlawful use or consumption*" of a controlled substance (emphasis added)). While the language of the offenses varied in how they measured the consumption—impairment (*id.* § 11-501(a)(4)) versus an "amount" (*id.* § 11-501(a)(6))—both required some showing that defendant had consumed drugs. Due to the similarity of the offenses and the facts in record, the officer had sufficient knowledge to charge both offenses on December 1, 2015. Therefore, the two charges are subject to compulsory joinder.

¶ 28 Despite these facts, the State argues that compulsory joinder does not apply because the police officer was not the proper prosecuting officer, and neither the officer nor the state's attorney could have known at the time of the initial charge that defendant had any amount of cannabis in his system. We reject the State's contentions.

¶ 29 First, the State advocates for a narrow reading of the compulsory joinder statute. The State's argument that only the state's attorney is considered the proper prosecuting officer suffers from the precise defect identified in *Thomas*—compulsory joinder would almost never apply to misdemeanor charges that are predominantly filed by police officers. See *Thomas*, 2014 IL App (2d) 130660, ¶ 22. Additionally, the State's reading deemphasizes the second part of the compulsory joinder directive, the "offenses are known to the proper prosecuting officer *at the time of commencing the prosecution*." (Emphasis added.) 720 ILCS 5/3-3(b) (West 2014). At the time of commencing the prosecution in this case, the police officer was the only prosecuting officer. See *People v. Van Schoyck*, 232 Ill. 2d 330, 343 (2009) (Garman, J., dissenting, joined by Thomas and Karmeier, JJ.) ("issuance of a citation constitutes the charging of a defendant with the commission of an offense without any involvement of the State's Attorney's office whatsoever").

¶ 30 Second, the citation and complaint filed in this case establishes that the police officer had knowledge to suspect that defendant ingested some amount of drugs, as he charged defendant with DUI(a)(4) based on his belief that defendant was "under the influence of any other drug." 625 ILCS 5/11-501(a)(4) (West 2014); see also *supra* ¶ 27. The officer did not need to know, at that time, the exact type of drug that defendant had ingested as DUI(a)(6) is worded to generally cover "any amount of a *drug, substance, or compound* *** listed in the Illinois Controlled Substances Act *** Use of Intoxicating Compounds Act, or *** Methamphetamine Control and Community Protection Act." (Emphasis added.) 625 ILCS 5/11-501(a)(6) (West 2014). Moreover, as both DUI charges were misdemeanors, the officer's suspicion that defendant had consumed drugs did not need to rise to the level of probable cause to file the charges. See *People v. Motzko*, 2019 IL App (3d) 180184, ¶¶ 26-27. Therefore, we conclude that the compulsory joinder rule applied to the DUI(a)(4) and DUI(a)(6) charges.

¶ 31                                b. Speedy Trial

¶ 32    Having found that the two DUI charges are subject to compulsory joinder, we must next determine whether the State violated defendant's statutory right to a speedy trial. Section 103-5 of the Criminal Procedure Code codifies defendant's right to a speedy trial. 725 ILCS 5/103-5 (West 2014). Where, as in this case, a defendant is free on bail, he must be brought to trial within 160 days of his speedy trial demand. *Id.* § 103-5(b). Following a defendant's speedy trial demand, any "[d]elay occasioned by the defendant shall temporarily suspend for the time of the delay the period within which a person shall be tried." *Id.* § 103-5(f). To show a violation of his speedy trial right, a defendant must show that he did not "cause[ ] or contribute[ ] to the delays." *People v. Staten*, 159 Ill. 2d 419, 426 (1994). Defense counsel's express agreement to a continuance "may be considered an affirmative act contributing to a delay which is attributable to the defendant." *People v. Kliner*, 185 Ill. 2d 81, 114 (1998). If a defendant is not tried within the statutory period, he must be released from his trial obligations and have the charges dismissed. 725 ILCS 5/103-5(d) (West 2014); *Hunter*, 2013 IL 114100, ¶ 10. The speedy trial statute must be liberally construed in favor of defendant. *Thomas*, 2014 IL App (2d) 130660, ¶ 14 (citing *Van Schoyck*, 232 Ill. 2d at 335).

¶ 33    In this case, the speedy trial calculation is made more complex by the interplay of the compulsory joinder and speedy trial statutes. See *People v. Williams*, 204 Ill. 2d 191, 198 (2003). When the initial and subsequent charges are subject to compulsory joinder, the speedy trial term for both begins when defendant is brought into custody on the initial charge. *Id.* at 207. Delays that were attributed to defendant prior to the filing of the subsequent charge are attributed to the State. *Id.* Having found that the initial and subsequent DUI charges are subject to compulsory joinder, we must determine whether a speedy trial violation occurred after the joinder.

¶ 34    Here, the period between defendant's speedy trial demand and the filing of the first superseding information is attributable to the State. This period began on December 14, 2015, and ran to April 6, 2016, for a total of 114 days. Following this period, on September 20, 2016, the State moved to continue the case over defendant's objection. Due to defendant's objection, this period is attributable to the State. It ended on December 1, 2016, when the parties agreed to strike the preset December 5, 2016, trial date and reset the cause for trial on December 20, 2016. This period added 72 days to the speedy trial count. The State's September continuance plus the earlier 114-day period exceeded the 160-day speedy trial requirement (the speedy trial clock reached 160 days on November 6, 2016).


¶ 35                             c. Deficient Performance

¶ 36    For the above-described speedy trial violation to constitute ineffective assistance of counsel, defendant must first show that counsel's failure to raise this violation constituted deficient performance. That is, "counsel's performance was so deficient[ ] that counsel was not functioning as the 'counsel' guaranteed by the sixth amendment" and counsel's inaction is not the product of "sound trial strategy." *People v. Evans*, 186 Ill. 2d 83, 93 (1999).

¶ 37    Following the expiration of the 160-day speedy trial period, defense counsel did not file a motion asserting this violation of defendant's statutory right to a speedy trial. We can discern no strategic reason to justify counsel's decision not to move to dismiss the charges because counsel previously filed a speedy trial demand and objected to several of the State's continuances, protecting this right. See *People v. Dalton*, 2017 IL App (3d) 150213, ¶ 28;

*People v. Hawkins*, 212 Ill. App. 3d 973, 983-84 (1991); *People v. Alcazar*, 173 Ill. App. 3d 344, 354-55 (1988). Moreover, defense counsel could not have obtained a greater result for defendant by continuing with the proceeding, as the remedy for the speedy trial violation was dismissal of the charges. See 725 ILCS 5/103-5(d) (West 2014). Therefore, counsel's failure to raise the speedy trial violation amounted to deficient performance.

¶ 38                              d. Prejudice

¶ 39     To prevail on his ineffective assistance of counsel claim, defendant must also demonstrate that prejudice resulted from counsel's inaction. To satisfy the prejudice component, a defendant "must prove a reasonable probability exists that, but for counsel's deficient performance, the outcome of the trial would have been different." *Mooney*, 2019 IL App (3d) 150607, ¶ 16.

¶ 40     If defense counsel had moved to dismiss the two DUI charges, the court would have been required to grant the motion due to the expiration of the speedy trial clock. See 725 ILCS 5/103-5(d) (West 2014); *People v. Woodrum*, 223 Ill. 2d 286, 299 (2006). Therefore, counsel's inaction altered the outcome of the case because counsel could have moved to dismiss the one charge that defendant now stands convicted of—DUI(a)(6).

¶ 41     Accordingly, we find that defendant has established that he received ineffective assistance of counsel resulting from counsel's failure to assert a violation of his right to a trial within the statutorily prescribed 160-day period. We therefore reverse defendant's DUI(a)(6) conviction outright. See *Mooney*, 2019 IL App (3d) 150607, ¶ 31.

¶ 42                    B. Constitutionality of DUI(a)(6)

¶ 43     Defendant also argues DUI(a)(6) violates his right to due process. 625 ILCS 5/11-501(a)(6) (West 2014). Our reversal of his conviction in the first issue has rendered this issue moot. Accordingly, we take no position on the constitutionality of DUI(a)(6).

¶ 44                           III. CONCLUSION

¶ 45     The judgment of the circuit court of Will County is reversed.

¶ 46     Reversed.