**2021 IL 126163**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126163)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v.
ROBERT J. ROGERS, Appellee.

_Opinion filed October 21, 2021._

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Justices Theis, Michael J. Burke, and Overstreet concurred in the judgment and opinion.

Chief Justice Anne M. Burke specially concurred, with opinion, joined by Justice Neville.

Justice Carter took no part in the decision.

**OPINION**

¶ 1        The People of the State of Illinois filed charges against defendant, Robert J. Rogers, for driving under the influence pursuant to section 11-501 of the Illinois Vehicle Code (625 ILCS 5/11-501 (West 2014)). A stipulated bench trial before the circuit court of Will County found defendant guilty of driving under the influence of any amount of drugs in violation of section 11-501(a)(6) (*id.* § 11-501(a)(6)) after the parties stipulated the officer found defendant in physical control of the vehicle and chemical tests revealed defendant had tetrahydrocannabinol (THC) in his system at the time of arrest.

¶ 2        On direct appeal, defendant argued (1) retained counsel was ineffective for failing to move for dismissal on speedy-trial grounds and (2) section 11-501(a)(6) violated his right to due process.

¶ 3        The appellate court reversed the conviction, holding retained counsel was ineffective for failing to move to dismiss the charges on speedy-trial grounds. The court concluded that the compulsory-joinder rule applied and that a speedy-trial challenge would have been successful. Thus, retained counsel's performance was deficient and prejudiced defendant. See 2020 IL App (3d) 180088.

¶ 4        We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 5                                          BACKGROUND

¶ 6        On November 25, 2015, a police officer investigated a motor vehicle accident. The officer found defendant in physical control of the vehicle and suspected him to be under the influence. The officer charged defendant, by uniform citation and complaint, with driving under the influence of drugs or combination of drugs pursuant to section 11-501(a)(4) of the Vehicle Code. See 625 ILCS 5/11-501(a)(4) (West 2014). Defendant was arrested and transported from the scene to a hospital for treatment. At the hospital, defendant underwent a blood test, which revealed the presence of THC.

¶ 7        The officer subsequently filed the uniform citation on December 1, 2015. On December 14, 2015, defendant's counsel filed a demand for speedy trial.

¶ 8        On April 6, 2016, the State charged defendant by superseding information with two counts of misdemeanor driving under the influence. Count I alleged defendant drove with any amount of drugs in his system in violation of section 11-501(a)(6). See *id.* § 11-501(a)(6). Count II alleged defendant drove under the influence of drugs or combination of drugs in violation of section 11-501(a)(4). See *id.* § 11-501(a)(4). The parties stipulated to a bench trial and, by agreement, continued the trial to May 20, 2016.

¶ 9        On May 20, 2016, the circuit court granted the State's motion to continue the trial. Defendant initially objected but then agreed to the continuance. On June 27, 2016, the court again granted a continuance, to which defendant initially objected but then agreed. On September 20, 2016, the court granted the State's motion for a continuance over defendant's objection.

¶ 10       On October 28, 2016, the State filed a superseding three-count information. Count I charged defendant with driving or being in physical control of any vehicle while having any amount of drug, substance, or compound in the person's breath, blood, or other bodily substance pursuant to section 11-501(a)(6). *Id.* § 11-501(a)(6). Count II charged defendant with driving under the influence of any drug or combination of drugs pursuant to section 11-501(a)(4). *Id.* § 11-501(a)(4). Count III charged defendant with having a presence of THC in his blood or other bodily substance while driving or within two hours of driving, pursuant to section 11-501(a)(7). *Id.* § 501(a)(7).

¶ 11       On December 1, 2016, the trial was continued by agreement. After numerous continuances, the trial was ultimately set for January 17, 2018.

¶ 12       On January 17, 2018, the parties entered into a stipulated bench trial. The State moved to dismiss counts II and III of the three-count information. The circuit court found defendant guilty of count I (*id.* § 11-501(a)(6)), after the parties stipulated the arresting officer found defendant in actual physical control of the vehicle and the chemical test results revealed defendant had THC in his system at the time of his arrest. Defendant was sentenced to 12 months of court supervision.

¶ 13       On appeal, defendant argued (1) trial counsel was ineffective for failing to move for dismissal on speedy-trial grounds and (2) section 11-501(a)(6) violated his right

to due process.[1] The appellate court reasoned that, because of the similarity of the offenses and the officer having sufficient knowledge to ticket both offenses at the time the officer issued the first citation, compulsory joinder applied and the clock for speedy-trial purposes began to run on December 14, 2015. Having found compulsory joinder applied, the court reversed the conviction, holding defendant was denied his right to speedy trial and his right to the effective assistance of counsel.[2]

¶ 14    This court allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2019).

¶ 15                                  ANALYSIS

¶ 16    The issue presented for review is whether counsel was ineffective for failing to file a motion to dismiss premised on a speedy-trial violation.

¶ 17    Whether a defendant received ineffective assistance of counsel is subject to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Manning*, 227 Ill. 2d 403, 412 (2008). "To establish that a defendant was deprived of effective assistance of counsel, a defendant must establish both that his attorney's performance was deficient and that the defendant suffered prejudice as a result." *People v. Pugh*, 157 Ill. 2d 1, 14 (1993).

¶ 18    The State argues defendant's ineffective assistance of counsel claim fails because (1) defendant did not have a constitutional right to effective counsel and (2) the underlying speedy-trial claim was meritless.

¶ 19    First, the State maintains that, because defendant was not sentenced to a term of imprisonment, he did not have a federal constitutional right to effective counsel. The State concedes, however, that defendant has a statutory right to counsel pursuant to section 113-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS

---

[1]Whether section 11-501(a)(6) (625 ILCS 5/11-501(a)(6) (West 2014)) violated defendant's right to due process is not before this court.

[2]Having found defendant was denied his right to the effective assistance of counsel, the appellate court rendered the issue regarding the constitutionality of section 11-501(a)(6) (625 ILCS 5/11-501(a)(6) (West 2014)) moot. 2020 IL App (3d) 180088, ¶ 43.

5/113-3(b) (West 2014)), but it argues that right does not include the right to *effective* counsel. The appellate court agreed, noting "defendant did not have a federal constitutional right to the effective assistance of counsel because he was not sentenced to a term of imprisonment"; however, defendant did have a statutory right to counsel. 2020 IL App (3d) 180088, ¶ 16.

¶ 20     To the extent the State and appellate court posit defendant did not have a federal constitutional right to the *effective* assistance of counsel, we disagree.

¶ 21     The State and appellate court rely on *Scott v. Illinois*, 440 U.S. 367 (1979), for the proposition that a defendant is not entitled to *effective* counsel where he is not subject to a term of imprisonment. This argument is misplaced. In *Scott*, the defendant was convicted of shoplifting and fined $50 after a bench trial. *Id.* at 368. On appeal, the defendant argued the sixth and fourteenth amendments of the United States Constitution (U.S. Const., amends. VI, XIV) required the State of Illinois to provide him with trial counsel at its expense. *Scott*, 440 U.S. at 368. The United States Supreme Court disagreed and held the sixth and fourteenth amendments only require that an indigent criminal defendant cannot be sentenced to a term of imprisonment unless the State has afforded him the right of assistance of *appointed* counsel. *Id.* at 373-74.

¶ 22     What goes unappreciated here is the distinction between the right to *effective* counsel and the right to *appointed* counsel. *Scott* does not stand for the proposition that a defendant does not have a federal constitutional right to the *effective* assistance of counsel during a criminal trial because he was not subject to a term of imprisonment; rather, a term of imprisonment cannot be imposed where an indigent criminal defendant does not have a federal constitutional right to the *appointment* of counsel.

¶ 23     This is not a matter of whether defendant was entitled to *appointed* counsel, rather *effective* counsel. The sixth amendment of the United States Constitution states, in relevant part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial *** and to have the Assistance of Counsel for his defence." U.S. Const., amend. VI. The right to the assistance of counsel, appointed or not, necessarily includes the right to *effective* counsel. See *McMann v. Richardson*, 397 U.S. 759, 771 (1970) ("[I]f the right to counsel guaranteed by the Constitution is to serve its purpose, defendants cannot be left to the mercies of

incompetent counsel, and that judges should strive to maintain proper standards of performance by attorneys who are representing defendants in criminal cases in their courts."). The Illinois Constitution provides similar protections. "In criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel ***." Ill. Const. 1970, art. I, § 8. "Both the United States and Illinois Constitutions guarantee a criminal defendant the right to *effective* assistance of counsel." (Emphasis added.) *People v. Peterson*, 2017 IL 120331, ¶ 79; U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8.

¶ 24        The State and appellate court note that where a defendant does not have a federal constitutional right to appointed counsel, however, a defendant may have a statutory right to appointed counsel pursuant to section 113-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3(b) (West 2014)). 2020 IL App (3d) 180088, ¶¶ 15-16. The applicability of section 113-3(b) is nonetheless irrelevant here, as defendant was not appointed counsel. Instead, defendant retained private counsel throughout the entirety of the circuit court criminal proceedings.

¶ 25        Having established the right to counsel necessarily includes the right to effective counsel, we turn our attention to whether defendant's counsel was ineffective.

¶ 26        Defendant argues he was denied effective assistance of counsel when counsel failed to move to dismiss the charges premised on a speedy-trial violation. Defendant asserts a 114-day delay began to accrue when the State filed the superseding three-count information on April 6, 2016, and then continued the case from September 20, 2016, to December 5, 2016, over defendant's objection. Defendant argues the superseding information was subject to compulsory joinder and, thus, the additional 114 days between the original charge and the supplanting charges were attributable to the State. Defendant argues the speedy-trial violation occurred when the new charges filed on April 6, 2016, plus the State's continuances, exceeded the 160-day speedy-trial period.

¶ 27        The State argues defendant's claim fails because he cannot satisfy the deficiency prong of the *Strickland* test and any objection premised on a speedy-trial violation would have been meritless.

¶ 28    Whether the objection would have been meritless hinges on whether the compulsory-joinder rule applies and, in turn, whether the speedy-trial period expired.

¶ 29    The speedy-trial rule requires, in relevant part, "Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." 725 ILCS 5/103-5(b) (West 2014). If the delay is occasioned by the defendant, the applicable statutory period is tolled. *People v. Hall*, 194 Ill. 2d 305, 327 (2000).

¶ 30    Calculating the 160-day speedy-trial period becomes more complex if additional charges are subsequently filed. Under those circumstances, it must be determined whether the compulsory-joinder rule applies.

> " 'Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges.' " *People v. Quigley*, 183 Ill. 2d 1, 13 (1998) (quoting *People v. Williams*, 94 Ill. App. 3d 241, 248-49 (1981)).

¶ 31    The State directs this court to the Third District's decision in *People v. Kazenko*, 2012 IL App (3d) 110529, ¶ 14, which held the compulsory-joinder rule "does not apply to offenses that are charged by a uniform citation and complaint form provided for traffic offenses because the compulsory-joinder rule does not apply to offenses charged in that manner." Defendant and the appellate court, however, point to and rely upon the Second District's decision in *People v. Thomas*, 2014 IL App (2d) 130660, which reached the opposite conclusion after criticizing *Kazenko*'s application of the compulsory-joinder rule.

¶ 32    "[W]hen conflicts arise amongst the districts, the circuit court is bound by the decisions of the appellate court of the district in which it sits." *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 92 (1997). The circuit court of Will County sits in the Third District. Thus, the Third District decision in *Kazenko* controls. In conformity with *Kazenko*, the charges for which defendant sought to apply the compulsory-joinder rule were brought by the arresting officer through a uniform citation and complaint. Thus, pursuant to the rule announced in *Kazenko*, the

additional 114-day delay was not attributable to the State, and the compulsory-joinder rule did not apply. Counsel cannot be considered ineffective for failing to make or pursue what would have been a meritless motion or objection. *People v. Edwards*, 195 Ill. 2d 142, 165 (2001). Counsel's performance, as alleged here, could not have been deficient for failing to make an objection where binding precedent would have made such an objection meritless and any motion to dismiss on speedy-trial grounds premised on the compulsory-joinder rule would have been otherwise futile.

¶ 33                                  CONCLUSION

¶ 34        For the foregoing reasons, we find defendant did not receive ineffective assistance of counsel when counsel failed to move to dismiss the charges on speedy-trial grounds. The judgment of the appellate court is reversed, and we remand the cause to the appellate court for further proceedings.

¶ 35        Appellate court judgment reversed and remanded.

¶ 36        CHIEF JUSTICE ANNE M. BURKE, specially concurring:

¶ 37        I agree with the majority that the appellate court judgment must be reversed. I cannot join the majority opinion, however, because of serious errors in the majority's analysis and because the opinion fails to address the principal issue raised in this appeal. Accordingly, I specially concur.

¶ 38                                  BACKGROUND

¶ 39        Defendant was involved in a vehicular accident on November 25, 2015, and the responding police officer charged defendant by uniform citation with misdemeanor driving while under the influence (DUI) under section 11-501(a)(4) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(4)) (West 2014). That provision makes it unlawful to drive under the influence of any drug other than alcohol or combination of drugs to a degree that renders the person incapable of safely driving. Defendant was transported to the hospital, where he voluntarily submitted to a blood test. He

was later released on bond. On December 1, 2015, the police officer filed the uniform citation with the circuit court, and defendant filed a demand for speedy trial on December 14, 2015.

¶ 40    On April 6, 2016, the State charged defendant by superseding information with two counts of misdemeanor DUI. Count I charged defendant with driving while there was any amount of any of the listed drugs in his breath, blood, or urine under section 11-501(a)(6) of the Vehicle Code (*id.* § 11-501(a)(6)), and count II charged him with DUI under section 11-501(a)(4) (*id.* § 11-501(a)(4)), the same section charged in the uniform citation.

¶ 41    With the parties' agreement, the court continued the matter for a bench trial set for May 20, 2016, thereby tolling the speedy-trial clock. Thereafter, with one exception—the 72-day period from September 20, 2016, until December 5, 2016, when the State was granted a continuance over defendant's objection to pursue additional laboratory testing—all additional continuances were granted by agreement until a stipulated bench trial was ultimately held on January 17, 2018. At trial, count II was nol-prossed, and defendant was found guilty on count I. A disposition of 12 months' court supervision was entered. The appellate court reversed, finding that defense counsel had provided ineffective assistance of counsel in failing to raise a speedy-trial argument. 2020 IL App (3d) 180088. This appeal followed.

¶ 42                                    ANALYSIS

¶ 43    At issue before this court is whether defense counsel provided ineffective assistance for failing to seek dismissal, based on speedy-trial grounds, of the misdemeanor charges brought by the State against defendant for driving under the influence (DUI). To answer this question, two matters must be resolved: (1) what is the standard by which we measure defense counsel's conduct and (2) whether the charges brought by the State's Attorney are subject to the compulsory-joinder rule where, as here, a police officer initially files charges by uniform citation and the State's Attorney later charges additional misdemeanors by superseding information or indictment.

¶ 44                        *Standard for Measuring Defense Counsel's Conduct*

¶ 45       As to the first matter, the State first argues, and the appellate court held, that because defendant was given a disposition of court supervision and not a term of imprisonment, the right to counsel under the sixth amendment (U.S. Const., amend. VI) did not attach and, therefore, defendant cannot contend that he received ineffective assistance of counsel in violation of the sixth amendment. I agree.

¶ 46       More than 40 years ago, in *Scott v. Illinois*, 440 U.S. 367 (1979), the United States Supreme Court held that a defendant charged with a misdemeanor has no constitutional right to counsel where no sentence of imprisonment is imposed. In so holding, the Court explained that, because the loss of liberty—even for a brief period of time—is such a severe sanction, different in kind from fines or the mere threat of imprisonment, it is appropriate to adopt actual imprisonment as the line defining when the constitutional right to counsel attaches. *Id.* at 373. Thus, the sixth amendment guarantee of the right to counsel—which encompasses both the right to appointed counsel and the right to effective counsel—only applies in cases where imprisonment is actually imposed. Stated otherwise, under *Scott*, no person may be sentenced to a term of imprisonment if convicted in the absence of effective assistance of counsel, unless the right to counsel has been validly waived. Accordingly, a defendant may challenge his conviction on appeal on sixth amendment grounds only if he was imprisoned. The *Scott* rule is blackletter law and has been recognized and applied by this court. See, *e.g.*, *People ex rel. Glasgow v. Kinney*, 2012 IL 113197.

¶ 47       In this case, defendant received 12 months of supervision. Whether supervision is a term of imprisonment within the meaning of *Scott* was addressed by this court in *City of Urbana v. Andrew N.B.*, 211 Ill. 2d 456, 469-70 (2004). In that case, we reviewed the consolidated appeals of two minors who had been charged with ordinance violations and, after appearing in municipal court without counsel, received dispositions of supervision and fines. Noting that the constitutional right to counsel is not absolute but, rather, tracks the punishment imposed (*id.* at 467), we held that the minors were not entitled to counsel at their proceedings because they received supervision and supervision is not imprisonment (*id.* at 469). We explained that, when supervision is entered, the trial court must defer entering any judgment on the charges until the end of the supervision period, at which time, if

the defendant has successfully complied with all the terms of supervision, the court must discharge the defendant and dismiss the charges. *Id.* at 471; see 730 ILCS 5/5-1-21 (West 2014). We likened supervision to a continuance, with a dismissal of the charge against the defendant conditioned upon compliance with the terms of release set by the court. *Andrew N.B.*, 211 Ill. 2d at 471.

¶ 48        Also, we distinguished supervision from a suspended sentence, which was at issue in *Alabama v. Shelton*, 535 U.S. 654 (2002), stating "[t]he United States Supreme Court defined a suspended sentence as 'a prison term imposed for the offense of conviction.' " *Andrew N.B.*, 211 Ill. 2d at 472 (quoting *Shelton*, 535 U.S. at 662. We held that the defendants in *Andrew N.B.*, unlike the defendant in *Shelton*, were "not given suspended sentences of imprisonment, but instead court supervision. That is, *they were not sentenced at all*." (Emphasis added.) *Id.* at 473.

¶ 49        *Andrew N.B.* establishes that supervision is not imprisonment within the meaning of *Scott*. Accordingly, in this case, the federal constitutional right to counsel did not attach, and defendant cannot now contend that he received ineffective assistance of counsel in violation of the sixth amendment.

¶ 50        Despite the foregoing, the majority holds that defendant *can* raise a claim of ineffective assistance of counsel under the sixth amendment. According to the majority, if a defendant is represented by retained counsel, the sixth amendment right is triggered, and the defendant may challenge counsel's effectiveness on appeal. This is obviously incorrect. As we stated in *Andrew N.B.*, the constitutional right to effective assistance of counsel *tracks the punishment imposed*. Here, defendant's sixth amendment right to counsel is not dependent on whether he had retained counsel but, rather, on whether imprisonment was imposed.

¶ 51        The flaw in the majority's reasoning is illustrated by *Wainwright v. Torna*, 455 U.S. 586 (1982). In that case, the defendant maintained that he had been denied his right to the effective assistance of counsel by the failure of his *retained* counsel to file a timely application for writ of *certiorari*. The Court rejected this contention on the basis that there was no sixth amendment right to the assistance of counsel in filing the writ and, therefore, respondent could not have been deprived of the effective assistance of counsel by his retained counsel's failure to file a timely application. If the *retention of counsel* triggers the sixth amendment right to effective counsel, as the majority holds, the Supreme Court would not have ruled

as it did in *Wainwright*. Indeed, if it were true that the *retention of counsel* triggers the sixth amendment right to counsel, then in all instances where there currently is no such constitutional right, as in postconviction proceedings (*People v. Lander*, 215 Ill. 2d 577, 583 (2005)), the constitutional right would spring into existence simply by hiring an attorney.

¶ 52 The majority's reasoning is not only at odds with long-standing caselaw but also results in unreasonable, discriminatory outcomes. Consider the following. Two defendants are each convicted of a misdemeanor offense that is punishable only by a fine. The first defendant is indigent and is convicted without the assistance of counsel. The second can afford to hire an attorney and does so. Under *Scott*, there is no question that the first defendant would have no right to appointed counsel and, thus, could not raise a constitutional claim of ineffective assistance of counsel on appeal. However, according to the majority, the second defendant could raise such a claim. In other words, the majority has concluded that the sixth amendment provides greater protection to the wealthy defendant than it does to the indigent defendant. Not surprisingly, the majority cites no authority in support of this novel conclusion.

¶ 53 As *Scott* made clear, the sixth amendment right to effective assistance of counsel tracks the punishment imposed. This is an objective standard that applies equally to all defendants. The majority's contrary conclusion—that the constitutional right to effective assistance of counsel attaches based on the ability of the defendant to retain counsel—is a serious and unwarranted departure from settled law.

¶ 54 Although defendant had no sixth amendment right to counsel in this case, the State concedes that he did have a statutory right to counsel pursuant to section 113-3(b) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3(b) (West 2014)). That provision states that "[i]n all cases, except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel." *Id.*

¶ 55 The majority, however, rejects the State's concession, finding that section 113-3(b) is inapplicable because "defendant was not appointed counsel." *Supra* ¶ 24. I disagree.

¶ 56    Section 113-3(b) provides for the appointment of counsel "[i]n all cases, except where the penalty is a fine only." 725 ILCS 5/113-3(b) (West 2014). By so providing, the legislature is necessarily stating that there is a right to counsel since the appointment of counsel can only be required *if the right to counsel exists in the first place*. In section 113-3(b) the legislature has extended the right to assistance of counsel beyond the *Scott* rule. This is so regardless of whether counsel is retained or appointed. The majority reaches the opposite conclusion, holding that section 113-3(b) is inapplicable here because defendant has hired his own attorney. Thus, the majority is denying defendant the statutory right to assistance of counsel for having exercised his right to retain counsel. This clearly is not what the legislature intended.

¶ 57    I would conclude that defendant was statutorily entitled to the assistance of counsel under section 113-3(b). However, what precise level of assistance is required under the statute we need not decide. As the State correctly contends, under any standard for defining attorney effectiveness, defendant cannot prevail because the compulsory-joinder rule does not apply in this case.

¶ 58                              *Compulsory Joinder*

¶ 59    The appellate court in this case held that the superseding information filed by the State's Attorney on April 6, 2016, was subject to compulsory joinder with the charges brought by the police officer via uniform citation and complaint. As a result, the court held that the 114 days between defendant's speedy-trial demand and the filing of the superseding information were attributable to the State. Combining those 114 days with the 72 days when the State was granted a continuance over defendant's objection meant that the 160-day speedy-trial period had expired by the time that defendant's stipulated bench trial was held on January 17, 2018. Accordingly, the appellate court held that defense counsel was ineffective for failing to seek dismissal on speedy-trial grounds. This is incorrect.

¶ 60    The compulsory-joinder statute (720 ILCS 5/3-3(b) (West 2016)) provides:

"If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court,

they must be prosecuted in a single prosecution \*\*\* if they are based on the same act."

We interpreted this provision in *People v. Jackson*, 118 Ill. 2d 179, 192-93 (1987), *abrogated on other grounds by People v. Stefan*, 146 Ill. 2d 324, 336 (1992). We said in *Jackson*, 118 Ill. 2d at 192, "We hold today that the compulsory-joinder provisions of section 3-3 do not apply to offenses that have been charged by the use of a uniform citation and complaint form provided for traffic offenses." In so holding, we explained that the language of the compulsory-joinder statute requires joinder of offenses only if "the several offenses are known to the proper prosecuting officer at the time of the commencement of the prosecution." *Id.* at 192-193. The proper prosecuting officer, we concluded, was "the State's Attorney who has the responsibility to commence and prosecute all actions in which the people of the State or the county may be concerned." *Id.* at 193. Since the joinder statute contemplates active involvement by the proper prosecuting officer at the commencement of the prosecution (*id.*) and the State's Attorney would not generally be an active participant at the time when charges are filed by a police officer by means of a uniform citation and complaint form, we concluded that compulsory joinder did not apply to offenses brought by uniform citation.

¶ 61 In *People v. Kazenko*, 2012 IL App (3d) 110529, under facts identical to those in the case now before us, the Third District of our appellate court applied the reasoning in *Jackson* and held that the misdemeanor DUI charges brought by the State's Attorney by superseding information were not subject to compulsory joinder with the misdemeanor DUI charges brought by the police officer via uniform citation and complaint. Subsequently, the Second District, in *People v. Thomas*, 2014 IL App (2d) 130660, rejected the judgment in *Kazenko* and held that subsequent charges brought by the State were not subject to compulsory joinder *only if* the State's charges were for felonies, which could not have been charged by uniform citation. Thus, a conflict arose between the two districts. In the present case, the Third District appellate court departed from precedent by rejecting *Kazenko* and adopting the reasoning in *Thomas*, thereby creating a split within the Third District itself.

¶ 62 The majority acknowledges that a conflict exists on whether compulsory joinder applies to charges brought by uniform citation. However, the majority does

not even attempt to resolve this conflict. Instead, the majority simply holds that, because the present case was tried in the Third District, *Kazenko* stood as the controlling law when defendant's trial took place. Based on this governing precedent, there was no compulsory joinder and, thus, no speedy-trial violation. Therefore, defense counsel was not deficient, and the ineffective assistance claim fails.

¶ 63     By disposing of defendant's ineffective assistance claim in this way, the majority merely decides the case before us, based on the specific factual circumstances present here. It avoids the overarching compulsory-joinder issue, even though resolution of the conflict between *Kazenko* and *Thomas* regarding the application of the compulsory-joinder rule was the sole reason for our acceptance of the petition for leave to appeal in this case. The majority provides no explanation for its failure to decide this dispute. The issue is squarely before us and was fully briefed by the parties, and there is no jurisdictional bar or impediment that would foreclose our ability to rule. By avoiding the issue, the majority fails to fulfill its obligation to settle the law where a conflict divides our appellate districts and neglects its duty to provide guidance to the bench and bar on an issue that is certain to recur.

¶ 64     I would resolve the conflict and hold, as the court did in *Kazenko*, that the compulsory-joinder rule does not apply to offenses that were initially charged by a uniform citation and complaint. In my view, our decision in *Jackson* clearly and unequivocally holds that the compulsory-joinder rule does not apply to offenses that have been charged by the use of a uniform citation and complaint. Our analysis in *Jackson* was sound. It makes no sense to limit the State's Attorney's prosecuting authority by requiring compulsory joinder with charges that were brought by a police officer and were unknown to the State's Attorney when prosecution on the citation was commenced. To be sure, in *Jackson*, the charge filed by uniform citation was misdemeanor DUI, and the charge brought by the State's Attorney was reckless homicide, a felony, which could not have been brought by uniform citation. However, that was not the basis for our holding that compulsory joinder did not apply. Rather, the critical point was that a State's Attorney—the proper prosecuting officer—is not an active participant in the issuance of the uniform citation. That point remains true regardless of whether the charges brought by the State's Attorney include a felony or not. Consequently, I would find that the appellate court

erred when it ruled in this case that compulsory joinder applied to the charges brought by uniform citation.

¶ 65    Having determined that the compulsory-joinder rule does not apply to the DUI charges brought by the State in its superseding information, I would further find that the speedy-trial clock began to run on April 6, 2016, when the superseding information was filed, and that the only delay attributable to the State is the 72 days from September 20, 2016, until December 5, 2016, when the State was granted a continuance over defendant's objection. Because the speedy-trial period had not expired prior to defendant's trial, defense counsel could not have been ineffective for failing to seek dismissal on speedy-trial grounds.

¶ 66                                    CONCLUSION

¶ 67    The majority commits three serious errors. First, the majority fundamentally alters sixth amendment law, holding that the right to effective assistance of counsel is triggered by a defendant's decision to retain counsel rather than whether the defendant was actually imprisoned. Second, the majority incorrectly holds that section 133-3(b) applies only to appointed counsel, thereby depriving defendants who retain counsel of their statutory right to effective assistance. Third, the majority improperly declines to address the compulsory-joinder issue, thus leaving in place a split of authority in our appellate court on a matter that is certain to recur.

¶ 68    Like the majority, I would reverse the appellate court judgment and remand the cause to that court for further proceedings. However, for the reasons stated above, I cannot join the majority opinion and, therefore, specially concur.

¶ 69    JUSTICE NEVILLE joins in this special concurrence.

¶ 70    JUSTICE CARTER took no part in the consideration or decision of this case.