NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210526-U

NO. 4-21-0526

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 26, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| TARVELLE J. WILLIAMS, | ) | No. 19CF63 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer M. Ascher, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirmed defendant's sentence, concluding that the trial court did not improperly consider an element of defendant's offenses in aggravation at sentencing.

¶ 2    In January 2019, defendant, Tarvelle J. Williams, was charged with (1) aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2018)) and (2) being an armed habitual criminal (*id.* § 24-1.7(a)). In June 2021, a jury found defendant guilty on both counts. Later, the trial court sentenced defendant to an aggregate sentence of 23 years in prison.

¶ 3    Defendant appeals, arguing that the trial court erred by considering an element of the offense as an aggravating factor when fashioning defendant's sentence—specifically, defendant argues the court considered "the fact that a shooting occurred" as a factor in aggravation. We disagree and affirm defendant's sentence.

¶ 4                       I. BACKGROUND

¶ 5                                A. The Charges

¶ 6        In January 2019, the State charged defendant with (1) aggravated battery with a

firearm and (2) being an armed habitual criminal. The charges alleged that defendant shot D.P. in

the leg with a firearm and at the time defendant possessed the firearm, he had previously been

convicted of (1) aggravated discharge of a firearm and (2) unlawful possession of a weapon by a

felon.

¶ 7        In April 2019, the State filed a "Notice of Intention to Seek an Extended-Term

Sentence," alleging that D.P. was a minor under the age of 12 years at the time of the shooting.

See 730 ILCS 5/5-5-3.2(b)(3)(i) (West 2018).

¶ 8                                B. The Trial

¶ 9        In June 2021, the trial court conducted defendant's jury trial.

¶ 10        Rinodda W. testified that D.P. was her seven-month-old daughter. On January 20,

2019, Rinodda, D.P., and Rinodda's boyfriend, Darrel P., were at their apartment visiting with

their roommates, Raneasha Smallie and Tysean Love. Smallie and Love had an argument,

prompting Smallie to leave. At that time, Rinodda, D.P., and Darrell went to their bedroom.

Rinodda was laying on the bed with D.P. and could see the front door of the apartment through

the open bedroom door. While in the bedroom, Rinodda saw a person walk by the bedroom

window, but she could not identify the individual.

¶ 11        After a few minutes, Smallie returned to the apartment and began arguing again

with Love. A few minutes after that, Rinodda heard three or four gunshots. She noted a "stinging

on [her] side" and discovered that D.P. "had a big gash between her legs." Rinodda saw the

shooter fire from the front door and identified him as defendant. Rinodda testified that defendant

appeared to have been aiming for Love, who was standing in front of the front door to the

apartment.

¶ 12       Love testified that defendant walked up to the door, demanded Love "go in the house, the apartment," and then fired his pistol multiple times at Love.

¶ 13       After police arrived, emergency personnel took D.P. to the hospital where she was treated for a gunshot wound. D.P. remained hospitalized for a month and a half.

¶ 14       The jury found defendant guilty of both counts.

¶ 15                         C. The Sentencing Hearing

¶ 16       In August 2021, the trial court conducted a sentencing hearing. When issuing its sentence, the court discussed the aggravating and mitigating factors and stated the following: "I find that the factors in aggravation are that a shooting did occur in the morning hours in an apartment complex in a residential neighborhood. I find the factors in mitigation to be the defendant's work history along with his family connections."

¶ 17       The trial court sentenced defendant to consecutive prison terms of 15 years for aggravated battery and 8 years for being an armed habitual criminal, an aggregate 23 years in prison.

¶ 18       This appeal followed.

¶ 19                         II. ANALYSIS

¶ 20       Defendant appeals, arguing that the trial court erred by considering an element of the offense as an aggravating factor when fashioning defendant's sentence—specifically, defendant argues the court considered "the fact that a shooting occurred" as a factor in aggravation. We disagree and affirm defendant's sentence.

¶ 21             A. Plain Error Review and Ineffective Assistance of Counsel

¶ 22       Defendant concedes that he forfeited his claim on appeal by failing to raise it in

the trial court but requests review under both prongs of the plain-error doctrine. Alternatively, defendant argues his claim of error can be reviewed as a claim of ineffective assistance for counsel's failure to raise the issue at the sentencing hearing.

¶ 23                                            1. *Plain Error*

¶ 24        A defendant's forfeited claim may be reviewed under the plain-error doctrine in either of two instances:

> "(1) when 'a clear or obvious error occurred and the evidence is so closely
> balanced that the error alone threatened to tip the scales of justice against the
> defendant, regardless of the seriousness of the error,' or (2) when 'a clear or
> obvious error occurred and that error is so serious that it affected the fairness of
> the defendant's trial and challenged the integrity of the judicial process, regardless
> of the closeness of the evidence.' " *People v. Walker*, 2021 IL App (4th) 190073,
> ¶ 17, 188 N.E.3d 1235 (quoting *People v. Sebby*, 2017 IL 119445, ¶ 48, 89
> N.E.3d 675).

The first question under either prong of the plain-error doctrine is whether a clear or obvious error occurred at all. *Id.* Defendant bears the burden of persuasion. *Id.*

¶ 25                                       2. *Ineffective Assistance*

¶ 26        All defendants have the constitutional right to effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. To prevail on an ineffective assistance claim, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defendant. *People v. Veach*, 2017 IL 120649, ¶ 30, 89 N.E.3d 366 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). A failure to satisfy either prong precludes a finding of ineffectiveness.

*People v. Simpson*, 2015 IL 116512, ¶ 35, 25 N.E.3d 601.

¶ 27                    B. Consideration of an Element Inherent to the Offense

¶ 28        Defendant asserts that the trial court's mentioning the shooting when it issued

defendant's sentence demonstrates that the court considered the shooting—an element inherent

in defendant's convictions—as an aggravating sentencing factor. If true, the trial court would

have committed obvious error. However, we conclude the trial court did not consider the

shooting in aggravation.

¶ 29                            1. *The Applicable Law*

¶ 30        "[A] trial judge, when issuing a sentence, must not consider as an aggravating

factor an element that is inherent in the crime for which the defendant is being sentenced."

*Brown*, 2019 IL App (5th) 160329, ¶ 18. However, the trial court "need not unrealistically avoid

any mention of such inherent factors, treating them as if they did not exist." *People v. O'Toole*,

226 Ill. App. 3d 974, 992, 590 N.E.2d 950 (1992). Accordingly, it cannot be error for a trial

court, when sentencing a defendant convicted of first degree murder, to mention that someone

died.

¶ 31        When a defendant alleges the trial court considered an improper factor, appellate

courts review the record as a whole because " '[a]n isolated remark made in passing, even

though improper, does not necessarily require that [the] defendant be resentenced.' " *Brown*,

2019 IL App (5th) 160329, ¶ 18 (quoting *People v. Fort*, 229 Ill. App. 3d 336, 340, 592 N.E.2d

1205 (1992)).

¶ 32        Because the trial court is in the best position to fashion an appropriate sentence,

appellate courts will not disturb a court's sentence absent abuse of discretion. *Id.*

¶ 33                            2. *This Case*

¶ 34        A person commits aggravated battery with a firearm when he (1) knowingly causes injury to another person by (2) discharging a firearm. 720 ILCS 5/12-3.05(e)(1) (West 2018). A person commits the offense of being an armed habitual criminal when he possesses a firearm after having been convicted of two qualifying offenses—in this case, aggravated discharge of a firearm, and unlawful possession of a weapon by a felon. *Id.* § 24-1.7(a).

¶ 35        Defendant takes issue only with the trial court's stating, "I find that the factors in aggravation are that a shooting did occur *in the morning hours in an apartment complex in a residential neighborhood.*" (Emphasis added.) Defendant argues that by saying that a shooting occurred, the court indicated it was considering an element of the offense in aggravation. We disagree.

¶ 36        As an initial matter, a "shooting" is not an element of the offense of being an armed habitual criminal. That offense requires the mere possession of a firearm, not the use of a firearm. Accordingly, defendant's claim fails at the threshold as to his sentence for being an armed habitual criminal.

¶ 37        Use of the firearm, or "a shooting," is an element of the offense of aggravated battery with a firearm. Nonetheless, the trial court's mere mentioning of "a shooting" in this case did not constitute error. We emphasize that "a sentencing court need not unrealistically avoid any mention of such inherent factors, treating them as if they did not exist." *O'Toole*, 226 Ill. App. 3d at 992. In other words, it cannot be error simply to mention that a shooting occurred when sentencing a defendant for aggravated battery *with a firearm*.

¶ 38        In this case, the record is clear that the court's mentioning of "a shooting" was merely providing context for the aggravating factor that the shooting occurred in a residential apartment complex. Defendant's firing a gun in an apartment building, in the morning, when

people are more likely to be at home, clearly demonstrates defendant's utter disregard for the safety of others. See *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 71, 129 N.E.3d 755 ("Anything and everything beyond the minimum conduct necessary for the defendant to be found to have engaged in criminal behavior is entirely appropriate for a sentencing court to consider."). Indeed, the unintended victim of defendant's crime was a seven-month-old infant who was in a different room of the apartment. See *id.* ("The trial court in [*Hibbler*] recognized the additional threat defendant's actions caused, and its doing so was entirely appropriate."). The trial court correctly considered the location of the offense as the aggravating factor, *not* the shooting itself.

¶ 39        Because the trial court did not base its sentence on an element of the offense and the sentence was not manifestly disproportionate to the nature of the offense, we conclude that the trial court did not err. Accordingly, defendant cannot establish plain error, and we honor his forfeiture. For the same reasons, defendant's counsel did not render ineffective assistance by failing to object to the court's comments at the sentencing hearing. An attorney "cannot be considered ineffective for failing to make or pursue what would have been a meritless motion or objection." *People v. Rogers*, 2021 IL 126163, ¶ 32, 184 N.E.2d 222.

¶ 40                                III. CONCLUSION

¶ 41        For the reasons stated, we affirm the trial court's judgment.

¶ 42        Affirmed.