NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220708-U

NO. 4-22-0708

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 28, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| DANIEL T. SUTTNER, | ) | No. 20CF716 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul Gilfillan, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed defendant's conviction, vacated his sentence, and
remanded with instructions, finding defendant did not receive ineffective
assistance of counsel but remand for a new sentencing hearing was warranted
because the State failed to fulfill its notice obligations under section 111-3(c) of
the Code of Criminal Procedure of 1963.

¶ 2    In December 2020, the State charged defendant, Daniel T. Suttner, with criminal

sexual assault as a Class 1 felony. See 720 ILCS 5/11-1.20(a)(4) (West 2020). The charging

document did not indicate the State sought to use defendant's prior aggravated criminal sexual

assault convictions to enhance the charge to a Class X felony. However, before jury selection,

the State told the trial court that defendant was subject to Class X sentencing pursuant to section

11-1.20(b)(1)(C) of the Criminal Code of 2012 (Criminal Code) because of those prior

convictions. See 720 ILCS 5/11-1.20(b)(1)(C) (West 2020). Defendant's trial counsel agreed. At

the trial's conclusion, the jury found defendant guilty of criminal sexual assault. The court, relying on the parties' representation that defendant was subject to Class X sentencing, sentenced defendant to 10 years' imprisonment.

¶ 3        Defendant appeals, arguing (1) trial counsel provided ineffective assistance when he did not object to inadmissible hearsay testimony, (2) the State failed to comply with section 111-3(c) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/111-3(c) (West 2020)) because it did not provide the requisite notice in the charging document that it sought to enhance the charge to a Class X felony and pursue Class X sentencing, and (3) defendant was not eligible for Class X sentencing because his prior aggravated criminal sexual assault convictions, which he accrued when he was 15 years old, can no longer be used to enhance the charged offense. We affirm defendant's conviction, vacate his sentence, and remand with directions.

¶ 4                              I. BACKGROUND

¶ 5        On December 10, 2020, the State charged defendant with criminal sexual assault as a Class 1 felony, alleging he knowingly committed an act of sexual penetration with C.S., who was at least 13 years old but younger than 18 years old, where defendant used his penis to make contact with C.S.'s vagina, and defendant held a position of trust, authority, or supervision in relation to her. See 720 ILCS 5/11-1.20(a)(4) (West 2020). The charging document did not indicate the State sought to enhance the charge to a Class X felony and pursue a Class X sentence, nor did it cite any statute under which the charge might be enhanced.

¶ 6        Before jury selection, the State told the trial court that defendant was eligible for Class X felony sentencing under section 11-1.20(b)(1)(C) of the Criminal Code because he had a prior conviction for aggravated criminal sexual assault, and trial counsel agreed.

- 2 -

¶ 7    At trial, C.S. testified she was born on October 23, 2002. Defendant's daughter, M.S., was one of C.S.'s best friends. When C.S. was 16 years old, defendant's wife, Michelle, became her legal guardian, and she moved into defendant's home. When she lived with defendant, C.S. did not pay for rent, groceries, or utilities, and she referred to defendant as "dad."

¶ 8    Defendant, who was born on July 21, 1976, had sexual intercourse with C.S. when she was 17 years old, during which he penetrated her vagina with his penis. C.S. tried to decline his advances and reminded him he was supposed to be her father figure, but defendant ignored her. C.S. testified this occurred during the weekend of M.S.'s eighteenth birthday, while the rest of defendant's family attended a demolition derby.

¶ 9    Detective Andrew Thompson of the Pekin Police Department interviewed C.S. on December 2, 2020. During the interview, C.S. informed Thompson defendant had sexual contact with her when she was 17 and 18 years old, and she described where it happened. When Thompson realized the offense occurred outside of his jurisdiction, he transferred the case to the Tazewell County Sheriff's Office.

¶ 10    Detective Charles Huff of the Tazewell County Sheriff's Office interviewed defendant, who confessed to having a sexual relationship with C.S. that included vaginal intercourse. Based on the timeline defendant provided, Huff determined C.S. was 17 years old when defendant first had sexual intercourse with her. Specifically, defendant said their first sexual encounter occurred approximately one week after the East Peoria Cleanup in 2020, which took place from October 5, 2020, until October 9, 2020. Defendant also mentioned it happened during a demolition derby held around the same time as M.S.'s birthday—M.S.'s birthday is October 18, and the record shows the Peoria Expo Gardens hosted a demolition derby on October 17, 2020.

¶ 11    During Huff's testimony regarding his interviews with C.S., M.S., and Michelle, the following exchanges occurred:

"Q. You also spoke with the victim, [C.S.], in regards to this case; is that right?

A. I did. Yes.

Q. Okay. And in your discussion with her, did she divulge sexual contact between herself and the Defendant, Daniel Suttner?

A. Yes.

Q. Did she divulge sexual contact between herself and the Defendant when she was under 18 years of age?

A. Yes, she did.

Q. And were her statements to you corroborated by your interview by the Defendant, as well as your view of the cell phone evidence in this case?

A. Yes. Yes.

Q. Meaning were they consistent?

A. Yes, they were consistent.

* * *

Q. Okay. And did you do any other investigation? Did you speak with anyone else?

A. Yes, I did.

Q. Who else did you speak with?

A. I spoke with the Defendant's wife, Michelle Suttner, and the Defendant's daughter, [M.S.].

Q. And in your discussions with [M.S.] and Michelle, did you discuss the timeline of events with them?

A. Yes, I did.

Q. And did your discussion with [M.S.] and Michelle Suttner corroborate or was it consistent with the information from the Defendant and victim in this case?

A. Yes, it was."

¶ 12 At the trial's conclusion, the jury found defendant guilty of criminal sexual assault.

¶ 13 The presentence investigation report showed defendant was convicted of two counts of aggravated criminal sexual assault as a Class X felony in 1991, when he was 15 years old.

¶ 14 During the sentencing hearing, the State again asserted defendant faced a Class X sentencing range of 6 to 30 years' imprisonment, and trial counsel agreed. The trial court accepted this assertion and sentenced defendant to 10 years' imprisonment. According to the judgment form, defendant was convicted of criminal sexual assault as a Class 1 felony, but he was subject to a Class X felony sentencing range pursuant to section 11-1.20(b)(1)(C) of the Criminal Code. Defendant did not file a motion to reconsider the sentence.

¶ 15 This appeal followed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, defendant argues (1) trial counsel provided ineffective assistance by not objecting to inadmissible hearsay testimony from Thompson and Huff; (2) the State failed to provide notice in the charging document that it sought to enhance the charge against defendant to

a Class X felony and pursue a Class X sentence, as required by section 111-3(c) of the Procedure Code; and (3) he was not eligible for Class X sentencing because his prior aggravated criminal sexual assault convictions could not be used to enhance the charge against him and the sentence he faced. We affirm defendant's conviction, finding he did not receive ineffective assistance of counsel, but we vacate defendant's sentence and remand the matter due to the State's noncompliance with section 111-3(c) of the Procedure Code. Because we remand for resentencing for lack of notice, we need not reach defendant's final argument.

¶ 18                                  A. Ineffective Assistance of Counsel

¶ 19            Defendant contends he received ineffective assistance of counsel when trial counsel did not object to purportedly inadmissible hearsay statements made by Detectives Huff and Thompson. We disagree.

¶ 20            "Whether a defendant received ineffective assistance of counsel is subject to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *People v. Rogers*, 2021 IL 126163, ¶ 17, 184 N.E.3d 222. "To establish ineffective assistance of counsel, a defendant must show both that (1) counsel's performance was deficient and (2) prejudice resulted from that deficiency." *People v. Eubanks*, 2021 IL 126271, ¶ 30, 190 N.E.3d 177 (citing *Strickland*, 466 U.S. at 681, 691-92). "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness." *People v. Simpson*, 2015 IL 116512, ¶ 35, 25 N.E.3d 601.

¶ 21            To satisfy *Strickland*'s deficiency prong, "the defendant must demonstrate counsel's performance was so inadequate that counsel was not functioning as the counsel guaranteed by the sixth amendment." (Internal quotation marks omitted.) *People v. Gunn*, 2021 IL App (4th) 200398, ¶ 42, 195 N.E.3d 806. To satisfy *Strickland*'s prejudice prong, "the

defendant must demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Gunn*, 2021 IL App (4th) 200398, ¶ 42. "If it is easier to dispose of an ineffective assistance claim on the ground that it lacks sufficient prejudice, then a court may proceed directly to the second prong and need not determine whether counsel's performance was deficient." *People v. Givens*, 237 Ill. 2d 311, 331, 934 N.E.2d 470, 482 (2010) (citing *Strickland*, 466 U.S. at 697).

¶ 22        Here, we can proceed directly to *Strickland*'s prejudice prong, as there is not a reasonable probability the trial's result would have been different but for counsel's allegedly deficient performance. See *Gunn*, 2021 IL App (4th) 200398, ¶ 42. Defendant argues Thompson's and Huff's respective testimony that C.S. told them defendant had sexual intercourse with her when she was 17 years old, as well as Huff's testimony that M.S.'s and Michelle's statements were consistent with defendant's and C.S.'s statements, improperly bolstered C.S.'s credibility. However, the trial evidence overwhelmingly demonstrated defendant's guilt.

¶ 23        To prove defendant guilty of criminal sexual assault, the State needed to prove defendant, when he was 17 years of age or older, sexually penetrated C.S. before she turned 18 years old, while holding a position of trust, authority, or supervision over her. See 720 ILCS 5/11-1.20(a)(4) (West 2020). The record contains evidence satisfying each element. Defendant admitted, in a recorded interview with Detective Huff, he had sexual intercourse with C.S., including vaginal penetration, on the weekend of M.S.'s eighteenth birthday, which was October 18, 2020. At that time, defendant was 44 years old. C.S. was just days shy of turning 18 on October 23, 2020. Additional testimony showed Michelle and M.S. attended a demolition derby

in Peoria during the weekend of M.S.'s eighteenth birthday, and the Peoria Expo Gardens hosted a demolition derby on October 17, 2020. Defendant's reply brief acknowledges, "[Defendant] told a police officer that he had sex with C.S. on his daughter's birthday weekend, and it is true that on that weekend, C.S. was seventeen years old." Further, when defendant had sexual intercourse with C.S., he was married to C.S.'s legal guardian, C.S. lived in his home—where she did not pay for rent, groceries, or utilities—and she referred to defendant as "dad." C.S. testified that, when defendant first initiated sexual contact with her, she reminded him he was supposed to be her father figure.

¶ 24    Defendant insists he suffered prejudice because counsel did not object to three hearsay statements that strengthened C.S.'s credibility. Even assuming, *arguendo*, these statements constituted inadmissible hearsay, the fact remains defendant admitted in a recorded interview that he had sexual intercourse with C.S. when she was 17 and he was 44. Likewise, the evidence showing C.S. referred to defendant as "dad," C.S. lived in his house for free, and his wife was C.S.'s legal guardian remains unchallenged. Due to the overwhelming nature of the evidence presented, there is not a reasonable probability the trial's outcome would have been different but for trial counsel's failure to object to the testimony in question. See *Gunn*, 2021 IL App (4th) 200398, ¶ 42. Accordingly, we affirm defendant's conviction for criminal sexual assault and reject his request for a new trial, as he did not receive ineffective assistance of trial counsel. See *Gunn*, 2021 IL App (4th) 200398, ¶ 42.

¶ 25                              B. Sentencing

¶ 26    Defendant argues remand for a new sentencing hearing is warranted because (1) he was ineligible for Class X sentencing because the State did not provide the requisite notice that it sought to enhance his criminal sexual assault charge to a Class X felony based on his prior

convictions and (2) his prior aggravated criminal sexual assault convictions could not be used to enhance his sentence. The State insists defendant's notice argument is moot, and that the invited error rule bars defendant's argument regarding his prior convictions.

¶ 27                                        1. *Mootness*

¶ 28         As a preliminary matter, the State asserts defendant's section 111-3(c) notice argument is moot because no actual controversy exists, as defendant never faced an enhanced charge—rather, he was charged with and convicted of a Class 1 felony. An issue on appeal is moot where a reviewing court cannot grant effective relief to a complaining party. *Holly v. Montes*, 231 Ill. 2d 153, 157, 896 N.E.2d 267, 271 (2008). Here, we can grant defendant effective relief in the form of a remand for resentencing. See *Holly*, 231 Ill. 2d at 157. The issue of the State's compliance with section 111-3(c) is not moot, and we consider its merits.

¶ 29                                        2. *Section 111-3(c)*

¶ 30         Section 111-3(c) of the Procedure Code provides:

"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. *** For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(c) (West 2020).

"The legislature enacted section 111-3(c) as a catch-all notice provision, thereby requiring the State to notify a defendant in *all* cases where it intends to charge the defendant with a higher classification of offense based on the defendant's prior convictions for that same offense." (Emphasis in original.) *People v. Jameson*, 162 Ill. 2d 282, 290, 642 N.E.2d 1207, 1211 (1994). "[U]nder section 111-3(c), the State must give notice in the charging instrument whenever a defendant will be charged with a higher classification of offense because of prior convictions." *People v. Zimmerman*, 239 Ill. 2d 491, 501, 942 N.E.2d 1228, 1234-35 (2010).

¶ 31 Defendant aptly analogizes this case to *People v. Beasley*, 307 Ill. App. 3d 200, 717 N.E.2d 420 (1999). There, as here, the defendant was charged with and convicted of criminal sexual assault as a Class 1 felony. *Beasley*, 307 Ill. App. 3d at 206, 209. At sentencing, the State claimed the defendant was eligible for Class X sentencing, and the trial court agreed, finding the defendant's "sentence should be enhanced because he was a Class X offender in that he conceded having been previously convicted within the past 10 years of aggravated criminal sexual assault." *Beasley*, 307 Ill. App. 3d at 206-07. The appellate court vacated the defendant's sentence and remanded the matter because the State pursued an enhanced sentence without providing notice in the charging document. *Beasley*, 307 Ill. App. 3d at 212. The appellate court laid out its reasoning thusly:

> "[T]he State charged defendant with a Class 1 offense, although it later established that the he [*sic*] actually committed a Class X offense due to the existence of his prior conviction. However, *** [section] 111-3 of the Code of Criminal Procedure require[s] the State, if it intends to elevate the class of defendant's offense, to give him notice of this intention within the charging instrument. The State failed to do so. Therefore, defendant must be treated as

having committed a Class 1 offense, rather than a Class X offense." *Beasley*, 307 Ill. App. 3d at 212.

¶ 32    The *Beasley* court's rationale applies here. The record shows the State charged defendant with criminal sexual assault as a Class 1 felony pursuant to section 11-1.20(a)(4) of the Criminal Code, which becomes a Class X felony if the defendant was previously convicted for "any offense involving criminal sexual assault that is substantially equivalent to or more serious" to the charged offense. 720 ILCS 5/11-1.20(b)(1)(C) (West 2020). Importantly, under section 11-1.20(b)(1)(C), the prior conviction does not merely subject a defendant to an increased sentencing range—it elevates the offense itself, thereby qualifying the defendant for an enhanced sentence and triggering the State's obligation to provide notice in the charging document. See 720 ILCS 5/11-1.20(b)(1)(C) (West 2020); 725 ILCS 5/111-3(c) (West 2020).

¶ 33    Defendant received an "enhanced sentence," as defined by section 111-3(c), because he was charged with a Class 1 felony, but the State relied on his prior conviction to pursue a Class X sentence. See 725 ILCS 5/111-3(c) (West 2020) (" '[E]nhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense."); *Beasley*, 307 Ill. App. 3d at 211. While the judgment form asserted defendant was convicted of Class 1 criminal sexual assault, and he was subject to Class X sentencing under section 11-1.20(b)(1)(C), this was error. If the State wanted to use defendant's prior convictions to subject him to Class X sentencing, the charge itself needed to be enhanced. See 720 ILCS 5/11-1.20(b)(1)(C) (West 2020); see also *Beasley*, 307 Ill. App. 3d at 211 ("Clearly, [the statute] elevate[s] the *offense* (not just the sentence) of criminal sexual assault from being a Class 1 felony to being a Class X felony. This is why the current section states that an offender who has a previous triggering offense 'commits a Class X

- 11 -

felony.' " (Emphasis in original.)). Section 11-1.20(b)(1)(C) does not allow for a half-measure wherein the defendant is convicted of a Class 1 offense but receives a Class X sentence.

¶ 34        If the State wished to pursue a Class X sentence, it should have charged defendant with criminal sexual assault as a Class X felony pursuant to section 11-1.20(b)(1)(C) or otherwise indicated in the charging document it sought to use defendant's prior aggravated criminal sexual assault convictions to elevate the offense. Under section 111-3(c) of the Procedure Code, where the State seeks to elevate the charged offense, it must notify defendant of this intention in the charging document. 725 ILCS 5/111-3(c) (West 2020); *Beasley*, 307 Ill. App. 3d at 212. When the State does not provide the requisite notice, remand for resentencing consistent with the charged offense's class is appropriate. See *Beasley*, 307 Ill. App. 3d at 212.

¶ 35        Even if defendant's prior convictions could be used to elevate the offense from a Class 1 felony to a Class X felony, which would qualify defendant for Class X sentencing, the State was required to notify defendant, in the charging document, of its intention to seek a Class X sentence and cite the prior conviction relied upon to enhance the sentence. See 725 ILCS 5/111-3(c) (West 2020). Because the charging document did not include this information, the State failed to fulfill its notice obligation under section 111-3(c). Therefore, defendant must be treated as having committed a Class 1 offense, and he is subject to Class 1 sentencing rather than Class X sentencing. See *Beasley*, 307 Ill. App. 3d at 212.

¶ 36                              III. CONCLUSION

¶ 37        For the foregoing reasons, we affirm defendant's criminal sexual assault conviction, vacate his sentence, and remand the matter for further proceedings.

¶ 38        Affirmed in part and vacated in part; cause remanded with directions.